**Susan KILMER and Richard Schoch, Plaintiffs,**

v.

**Wayne WILKINSON, Gwendolyn Hall and the Travelers Insurance Company, Defendants.**

**Civ. No. 88–0279.**

United States District Court, M.D. Pennsylvania.

Aug. 15, 1990.

Salvatore Vito, Stroudsburg, Pa., for Kilmer and Schoch.

Patrick E. Dougherty, James Michael Wetter, and Joseph J. Heston, Dougherty, Mundy, Leventhal & Price, Kingston, Pa., for defendants.

Wayne Wilkinson, pro se.

MEMORANDUM AND JUDGMENT

CONABOY, Chief Judge.

I

The Plaintiffs, Susan Kilmer and Richard Schoch, were seriously injured on May 16, 1987, when the vehicle in which they were passengers left the highway on Route 209, Stroudsburg, Monroe County, Pennsylvania, and careened over an embankment. The vehicle in which they were traveling was owned by Defendant, Gwendolyn Hall. The operator of the vehicle at the time of the accident was another of the Defendants, Wayne Wilkinson.

This accident gave rise to three actions which were consolidated to the above number and term. Two of the actions were resolved in a Memorandum and Verdict issued by this Court on July 19, 1989, and we herewith consider a motion for summary judgment in the third action.

II

On February 22, 1988, Gwendolyn Hall and the Travelers Insurance Company filed a declaratory judgment action indexed at M.D.Pa., Civil No. 88–0279, against named Defendants, Wayne Wilkinson, Susan Kilmer, and Richard Schoch. The Plaintiffs in that non-jury action requested the Court determine as a matter of law that, at the time of the subject automobile accident, Wayne Wilkinson, was not an "insured" under the terms and conditions of the automobile liability policy, which the Travelers issued to Gwendolyn Hall upon her purchase of the Reliant Station Wagon involved in the accident.

On January 6, 1989, Susan Kilmer and Richard Schoch filed a tort action, indexed at M.D.Pa. Civil No. 89–0022, seeking money damages from Wayne Wilkinson and Gwendolyn Hall. On the same date, Schoch and Kilmer filed a declaratory judgment action, indexed at M.D.Pa. Civil No. 89–0023, against Wilkinson, Hall and Travelers, requesting that the Court determine whether Wilkinson was, at the time of the accident an "insured" under Defendant Hall's umbrella policy with the Travelers. By Order of this Court dated January 18, 1989, the three noted actions were consolidated.

Following a management conference before this Court on March 15, 1989, we issued an Order on March 6, 1989, directing the parties to file briefs by April 14, 1989, and setting a hearing on the declaratory judgment actions for Wednesday, April 29, 1989 at 9:00 a.m. A hearing was held on April 29, 1989, and this Court heard testimony of five witnesses. In addition, depositions of certain witnesses had been taken; some were used at the hearing; and the depositions were all submitted to the Court for additional consideration.

On July 19, 1989, this Court entered judgment in favor of the Travelers Insurance Company in both declaratory judgment matters declaring that the Defendant, Wayne Wilkinson, was not an insured under either the automobile liability policy or the umbrella policy issued by the Travelers

Insurance Company to Defendant, Gwendolyn Hall, on the date of the accident.

█ That decision and verdict of the Court left remaining the tort action of Plaintiffs Kilmer and Schoch against Defendants Wilkinson and Gwendolyn Hall. We consider here a summary judgment motion filed on behalf of Hall in the remaining tort action, wherein Hall argues there are no operative facts in dispute in this case as a result of the filings of the parties and the findings of this Court in the consolidated action, and that based upon those facts the said Defendant Hall is entitled to judgment as a matter of law. Plaintiffs respond to this motion arguing that summary judgment would not be appropriate because certain facts are still in dispute and that the said Defendant Hall might well be responsible to the Plaintiffs on the legal theory of negligent entrustment, in that she allegedly negligently entrusted her automobile to the said Wayne Wilkinson, when she knew or should have known that he had such peculiar characteristics of carelessness which could have resulted in harm to others.

For the reasons stated herein, we will grant judgment in favor of the Defendant Hall.

### III

It is clear and both parties agree, that Rule 56 of the Fed.R.Civ.P. permits a party, at any time, to move for summary judgment, as to all or any part of the other party's claim. Upon the filing of a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(c). The parties agree also that summary judgment is not appropriate if there are disputed relevant material facts or when the law is not clearly in the moving party's favor. We need cite only to the references in both parties' briefs.

The Plaintiff argues there are facts in dispute. However, we find that there are no relevant facts in dispute and the operative facts upon which any claim of the Plaintiffs must be made have been clearly laid out in the record and hearing in this case and are undisputed by all of the parties. It is undisputed that Hall was the owner of the automobile involved; that she allowed the Defendant Wilkinson to have the keys for the automobile and granted him permission to operate it in her absence; that Wilkinson agreed that he would not drive the automobile if or when he used drugs or alcohol; that the Defendant Wilkinson broke this agreement by driving the automobile on the night of the accident at the same time that he was drinking considerable amounts of alcohol; and that the accident was caused by Wilkinson's conduct. It is also clear and undisputed from the record that prior to granting the aforesaid authority to Wilkinson, Wilkinson drove Hall in the automobile to New York and that she had the opportunity to observe his ability to drive the car. Further, there is no allegation nor is there any suggested or apparent evidence that the Plaintiffs can or will be able to prove that Hall had any knowledge that Wilkinson had a past history of careless, unlawful or reckless conduct in the operation of vehicles.

### IV

The foundation of the Plaintiff's claim here is essentially encompassed in the decision of the Supreme Court of Pennsylvania in *Anderson v. Bushong Pontiac Co.*, 404 Pa. 382, 171 A.2d 771 (1971). *Anderson* was a case in which the Defendant, an automobile dealer, left an automobile on his lot unsecured after having knowledge that the keys for the car had been stolen, and with the knowledge that children "of immature years" frequented his lot and used it for recreational purposes at or about the time of the theft of the automobile. The Supreme Court cited with approval the Restatement of Torts, § 302(b) (1934) which provides as follows:

A negligent act may be one which; (b) creates a situation which involves an unreasonable risk to another because of the

expectable action of the other, a third person, an animal or a force of nature.

That Court also quoted from Comment I which states:

If the actor knows or should know that the safety of the situation which he has created depends upon the actions of a particular person or a particular class of persons, he is required to take into account their peculiar characteristics of inattention, carelessness, unskillfulness, or even recklessness or lawlessness, if he knows or should know thereof.

The Court also cited with approval Section 308 which states as follows:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

The trial court granted summary judgment for the Defendant—but the Supreme Court reversed and found the Defendant could be found guilty of negligence in that it was predictable under the circumstances that a child of "immature years" could have stolen the keys and could gain access to the car which was left unattended. The court also found that the Defendant could be presumed to know an automobile was a dangerous instrument in the hands of such a young and "immature" person.

Thus the concept of negligent entrustment has been followed in Pennsylvania—but history shows it is confined to specific and rather narrow fact situations.

■ Usually liability is established only where an owner entrusts his vehicle to one whose immediate appearance or conduct (usually drinking) is such that the owner would or should know that person is incompetent to drive or use an automobile. In instances where the incompetency or deficiency is not immediately apparent, one, such as the Plaintiff here, must show that

the owner knew or should have known of facts which would have made the incompetency and negligent conduct foreseeable.

The parties here have cited the most recent cases exploring this theory. In *Robare v. Pekarcik*, 109 Pa.Cmwlth. 87, 530 A.2d 534 (1987), the Pennsylvania Commonwealth Court held the required proof for a negligent entrustment claim was that the driver was intoxicated at the time the owner gave him the keys. The court in that case cited *Gibson v. Bruner*, 406 Pa. 315, 178 A.2d 145 (1961) as its authority.

In *Gibson* the driver was given specific permission only to drive the car home and was not drinking at the time. The driver, however, went elsewhere and engaged in drinking and subsequently was involved in an accident. The owner was absolved from liability, however, because it was not shown that the driver was intoxicated or drinking at the time the vehicle was entrusted to him.

In *Wertz v. Kephart*, 374 Pa.Super. 274, 542 A.2d 1019 (1988), the Pennsylvania Superior Court remanded a matter to the trial court holding a plaintiff must prove knowledge of incompetency on the part of a lender at the time the vehicle is entrusted to another.

Here, the Plaintiff would have us hold that Defendant Hall should have foreseen that the Defendant Wilkinson was a person of reckless or careless propensities and might have carelessly driven the car while drinking. We decline to so hold for several reasons. First, there is no allegation in the pleadings and nothing has been developed in the record of depositions and testimony [1] that would allow anyone to conclude that Defendant Hall should have foreseen that Defendant Wilkinson would drive while drinking or drive the automobile in a careless and reckless fashion. Indeed, the opposite is true—she (Hall) observed Wilkinson's ability to drive properly on the trip to New York City—and she specifically forbade him to drive while drinking. Second, Defendant Hall had a right to presume an

---

1. As indicated earlier these three cases were consolidated by the Court and thereafter all of the depositions, affidavits, and testimony apply to all of the cases and are considered by the Court here in reaching its conclusion.

adult (Wilkinson) would live up to the agreement they entered into concerning use of the car and that as an adult he would "obey the law". *See Commonwealth v. Tharp*, 373 Pa.Super. 285, 541 A.2d 14 (1988). Third, the "concerns" that Defendant Hall had about Wilkinson's conduct related to his failure to properly care for Hall's son rather than his operation and the car. Such care was the quid pro quo for Wilkinson's use of the car and she wanted Wilkinson out of the car and out of her home. But these are not facts or concerns that impact on the court's decision nor are they operative facts in this case; and, finally, there is no indication that the Plaintiffs have any fact evidence on which a jury could find Hall was aware of any prior driving difficulties of Wilkinson.

In sum, we find that all of the facts developed in the course of this litigation since the three cases were consolidated are binding on all of the parties in all of the cases and that from these sources there are sufficient operative facts upon which to base a decision of summary judgment and in addition, that there are no operative facts in dispute which would prevent the grant of summary judgment.

Based on the foregoing reasoning therefore, it is the decision of this court that summary judgment should and will be entered in favor of the Defendant Hall in this matter.

### ORDER

NOW, THIS 15th DAY OF August, 1990, in view of the foregoing, IT IS ORDERED THAT:

1. Summary judgment is entered in favor of Defendant Hall in this consolidated matter and particularly in the matter filed to Civil No. 88–0279.

2. The matter will proceed against the remaining Defendant, Wayne Wilkinson.

3. This case is assigned to the February, 1991 Trial List with jury selection to commence on *Monday, February 4, 1991 at 9:30 a.m.* in Scranton, Pennsylvania.