## Commonwealth v. Jones

*Wieslaw T. Niemoczynski, assistant district attorney,* for the Commonwealth.

*William K. Sayer,* for defendant.

MILLER, *J.,* August 27, 1992—On May 5, 1992, a jury found the defendant guilty of violating 18 Pa.C.S. §5903 relating to the display of obscene and other sexual materials. The defendant filed timely post-verdict motions in the nature of a motion for a new trial and motion in arrest of judgment. Both parties submitted briefs, and oral arguments were presented to this court on August 3, 1992. The issues are now before this court for disposition.

## MOTION IN ARREST OF JUDGMENT

### DE MINIMIS NATURE OF DEFENDANT'S CONDUCT

The proper post-verdict procedure to challenge a defect which appears of record in a criminal matter such as that which results from a lack of jurisdiction, a question of double jeopardy, a defective information or indictment or the insufficiency of the evidence used to convict the defendant is by a motion in arrest of judgment. *Commonwealth v. Stark,* 526 Pa. 1, 584 A.2d 289 (1990). In ruling upon such a motion, the court shall view all testimony which had been admitted into evidence in that light most favorable to the Commonwealth, as well as

giving the Commonwealth the benefit of all reasonable inferences to be drawn from that evidence. *Commonwealth v. Groff,* 378 Pa. Super. 353, 548 A.2d 1237 (1988).

The first issue briefed by counsel for the defendant is whether the court should arrest judgment because the conduct of the defendant was de minimis. According to the defendant's argument, 18 Pa.C.S. §312(a) provides that a trial court shall dismiss the charges relating to conduct that is "within a customary license" or that "did not actually cause or threaten the harm or evil sought to be prevented ... or did so only to an extent too trivial to warrant the condemnation of conviction...."

The defendant was found guilty of violating 18 Pa.C.S. §5903(a)(1) which provides as follows:

"(a) No person, knowing the obscene character of the materials involved, shall:

"(1) Display or cause or permit the display of any explicit sexual materials as defined in subsection (c) in or on any window, showcase, newsstand, display rack, billboard, display board, viewing screen, motion picture screen, marquee or similar place in such manner that the display is visible from any public street, highway, sidewalk, transportation facility or other public thoroughfare, or in any business or commercial establishment where minors, as a part of the general public or otherwise, are or will probably be exposed to view all or any part of such materials."

Subsection (c) defines explicit sexual materials as materials which are obscene or:

"(1) any picture, photograph, drawing, sculpture, motion picture film, or similar visual representation or image of a person or portion of the human body which depicts nudity, sexual conduct, or sadomasochistic abuse and which is harmful to minors; or

"(2) any book, pamphlet, magazine, printed matter however reproduced, or sound recording which contains any matter enumerated in paragraph (1), or explicit and detailed verbal descriptions or narrative accounts of sexual excitement, sexual conduct, or sadomasochistic abuse and which, taken as a whole, is harmful to minors." 18 Pa.C.S. §5903(c).

Testimony produced at trial established that defendant was a vendor at the Saylorsburg Flea Market in Hamilton Township, Monroe County. On August 3, 1991, defendant had for sale, among other wares, two boxes of sexually oriented videotapes. The videotapes were placed on top of a table with each box containing a placard indicating what was contained within as well as the sales price. The videotapes were placed on end so that only one edge was visible to the potential viewer. Displayed on these edges were pictures of nude female torsos. The testimony of witnesses established that the videotapes were displayed in a manner such that minors walking by could see the depictions on the edges.

Counsel for the defendant argues in support of the instant motion that there was no evidence presented at trial which established that minors were actually harmed or threatened with harm by defendant's conduct. Moreover, according to defense counsel, the evidence established that defendant did not deliberately engage in any criminal conduct and that he was neither given a warning by police nor afforded the opportunity to cease the illegal activity.

In approaching the resolution of this matter, we are bound by the ruling already made on this precise issue by the Honorable Ronald E. Vican of this court. In a decision handed down on defendant's omnibus pre-trial motions on March 12, 1992, Judge Vican, while acknowledging that defendant's de minimis argument was not

without some merit, still resoundingly rejected it as a basis to dismiss the charge under 18 Pa.C.S. §312(a). We, therefore, find that we are compelled to do the same.

On this basis, we hold that defendant's motion in arrest of judgment on the grounds of the de minimis nature of defendant's conduct must be denied.

## MOTION IN ARREST OF JUDGMENT

### STATUTORY VAGUENESS

In his motion and brief, the defendant challenges the constitutionality of 18 Pa.C.S. §5903(a)(1), asserting that it is vague and confusing and, hence, a denial of due process under both the U.S. Constitution and the Constitution of the Commonwealth of Pennsylvania.

Specifically, defendant challenges the apparent superimposition of an obscenity standard over a statute which was meant to apply only to the display of sexually explicit materials, resulting in the inability to determine what specific behavior is criminally proscribed.

In relevant part, 18 Pa.C.S. §5903(a) provides:

"(a) No person, knowing the obscene character of the materials involved, shall:

"(1) Display or cause or permit the display of any explicit sexual materials as defined in subsection (c) in or on any window, showcase, newsstand, display rack, billboard, display board, viewing screen, motion picture screen, marquee or similar place in such manner that the display is visible from any public street, highway, sidewalk, transportation facility or other public thoroughfare, or in any business or commercial establishment where minors, as a part of the general public or otherwise, are or will probably be exposed to view all or any part of such materials."

Subsection (c) defines explicit sexual materials as materials which are obscene or:

"(1) any picture, photograph, drawing, sculpture, motion picture film, or similar visual representation or image of a person or portion of the human body which depicts nudity, sexual conduct, or sadomasochistic abuse and which is harmful to minors; or

"(2) any book, pamphlet, magazine, printed matter however reproduced, or sound recording which contains any matter enumerated in paragraph (1), or explicit and detailed verbal descriptions or narrative accounts of sexual excitement, sexual conduct, or sadomasochistic abuse and which, taken as a whole, is harmful to minors." 18 Pa.C.S. §5903(c).

Section 5903 of the Crimes Code was thoroughly analyzed by the Superior Court of Pennsylvania in the case of *American Booksellers Association Inc. v. Rendell,* 332 Pa. Super. 537, 481 A.2d 919 (1984). There, the court resolved the precise issue which is currently confronting us on the defendant's motion. That is, whether or not 18 Pa.C.S. §5903 is unconstitutionally vague in that it does not provide adequate notice of proscribed conduct. The court held that it was not. *Id.*

The court, in *American Booksellers Association Inc. v. Rendell, supra.,* recognized that 18 Pa.C.S. §5903 deals with the limited subject of the display of explicit sexual materials to minors. It is not a general obscenity provision. Rather, it is broader and is intended to provide additional protection to minors by prohibiting the exhibition of certain offensive materials, a valid and legitimate objective of government under both the U.S. and Pennsylvania Constitutions. *Ginsburg v. New York,* 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195, *reh'g denied,* 391 U.S. 971, 88 S.Ct. 2029, 20 L.Ed.2d 887 (1968);

*Commonwealth v. Robin,* 421 Pa. 70, 218 A.2d 546 (1966).

The court wrote:

"As applied to minors, the U.S. Supreme Court has approved the adoption of an obscenity standard that is broader than the standard appropriate for adults: 'Because of the state's exigent interest in preventing distribution to children of objectionable material, it can exercise its power to protect the health, safety, welfare and morals of its community by barring the distribution to children of books recognized to be suitable for adults.'" *American Booksellers Association Inc. v. Rendell, supra.,* at 565, 481 A.2d at 933, quoting *Ginsburg v. New York, supra.*

Thus, the Superior Court has made it explicitly clear that 18 Pa.C.S. §5903 encompasses a broader category of proscribed behavior as affecting minors than that which would be regarded as obscene if viewed by an adult.

Based upon the foregoing, we find no constitutional defect with 18 Pa.C.S. §5903. Defendant's motion in arrest of judgment is, therefore, denied.

## MOTION IN ARREST OF JUDGMENT

## DEFECTIVE INFORMATION

Defendant also contends that the information filed against him by the Office of the District Attorney of Monroe County was defective in that it failed to set forth the elements of the relevant statute. Specifically, according to defendant's argument, the information deleted the requirement that the defendant have knowledge of the obscene nature of the material under examination.

We find this argument to be the above unconstitutional vagueness argument in another guise. We have already discussed the interpretation of 18 Pa.C.S. §5903(a) which

recognizes that prosecution is permitted for a broader variety of offensive conduct than that which is permissible under general obscenity provisions. (See our discussion of *American Booksellers Association Inc. v. Rendell, supra.,* above). Based upon that discussion, we find that it is not necessary for the Commonwealth to become embroiled in definitions of obscene materials in a prosecution under 18 Pa.C.S. §5903(a). Thus, any failure to include the requirement relating to knowledge of the obscene nature of the material as propounded by defendant would constitute harmless error. As such, it is insufficient grounds for us to arrest judgment, and defendant's motion is denied.

## MOTION FOR A NEW TRIAL

### CONSIDERATION OF COUNSEL'S ARGUMENT

The final issue raised by defendant is whether the court's charge to the jury amounted to a denial of the defendant's right to the full assistance of counsel and due process of law under the U.S. and Pennsylvania Constitutions entitling him to the granting of a new trial. Specifically, defendant argues that the court incorrectly charged the jury when it said, in reference to closing arguments of counsel, "You should not take into account what any of the attorneys said, whether you like what they said or didn't like what they said." (N.T., May 5, 1992, at 68).

It is axiomatic that a trial judge has broad discretion in phrasing its jury instructions and choosing its language provided that the law is clearly and accurately presented to the jury for its consideration. *Commonwealth v. Phillips,* 398 Pa. Super. 58, 580 A.2d 840 (1990). Furthermore, the charge to the jury must be considered in its entirety in order to determine its sufficiency. *Commonwealth v. Tharp,* 373 Pa. Super. 285, 541 A.2d 14 (1988).

Based upon the foregoing, we reject the defendant's argument and deny his motion for a new trial. An examination of the trial transcript in its entirety clearly establishes that the court, in instructing the jury, was emphasizing the argumentative nature of counsel's closing statements and emphasizing that the jury must base its deliberations upon the evidence which came from the witnesses. This is an accurate statement of the law. As such, defendant's motion is denied.

## ORDER

And now, August 27, 1992, it is ordered as follows:

(1) The defendant's post-verdict motions are hereby denied.

(2) The defendant is directed to be present before the court for sentencing on the 13th day of November, 1992, at 9 a.m., courtroom no. 2, Monroe County Courthouse, Stroudsburg, Pennsylvania. The Monroe County Probation Office is directed to conduct a pre-sentence investigation and furnish the court with a report.