617 A.2d 1314

**COMMONWEALTH of Pennsylvania**

v.

**Abdel SALAMEH, M.D., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1992.

Filed Dec. 18, 1992.

Stanley W. Greenfield, Pittsburgh, for appellant.

Andrea F. McKenna, Deputy Atty., Harrisburg, for Com., appellee.

Before ROWLEY, President Judge, and POPOVICH and CERCONE, JJ.

ROWLEY, President Judge:

Abdel Salameh, M.D., appeals from the judgment of sentence entered following his conviction for one violation of the Controlled Substance, Drug, Device and Cosmetic Act ("Drug Act"), 35 P.S. § 780–113(a)(14),[1] and one violation of the Public Welfare Code, Fraud and Abuse Control—Provider Prohibited Acts ("Welfare Code"), 62 P.S. § 1407(a)(2).[2] Both violations were committed in connection with appellant's medical practice.

1. The following acts and the causing thereof within the Commonwealth are hereby prohibited:

The administration, dispensing, delivery, gift or prescription of any controlled substance by any practitioner ... unless done
(i) in good faith in the course of his professional practice;
(ii) within the scope of the patient relationship;
(iii) in accordance with treatment principles accepted by a responsible segment of the medical profession.
35 P.S. § 780–113(a)(14).

2. It shall be unlawful for any person to:
Solicit or receive or to offer or pay any remuneration, including any kickback, bribe or rebate, directly or indirectly, in cash or in kind from or to any person in connection with the furnishing of services or merchandise for which payment may be in whole or in part under the medical assistance program or in connection with referring an individual to a person for the furnishing or arranging for the furnishing of any services or merchandise for which payment may be made in whole or in part under the medical assistance program.
62 P.S. § 1407(a)(2).

Appellant Salameh raises five issues on appeal [3]:  i) whether the jury instructions regarding the Commonwealth's burden of proof for a conviction under the Drug Act were erroneous and prejudicial such as to warrant a new trial;  ii) whether the evidence was sufficient to support appellant's conviction under the Drug Act;  iii) whether the trial court erroneously permitted a witness to testify to his belief that his agreement with appellant, which violated the Welfare Code, was illegal;  iv) whether the trial court erred in denying appellant's demurrer as to the Welfare Code violation;  and v) whether the trial court erred in denying appellant's request for an individual voir dire.  Having reviewed the record, the parties' briefs, and the opinion of the trial court, we vacate the judgment of sentence for the conviction under the Drug Act and remand for a new trial.  We affirm the judgment of sentence for the conviction under the Welfare Code.

We vacate appellant's conviction under the Drug Act in accordance with his first issue which is one of first impression. We agree that the jury instructions regarding the Commonwealth's burden of proof were erroneous and prejudicial, thus warranting a new trial.  The Commonwealth was required to prove beyond a reasonable doubt that appellant was writing prescriptions in a manner which violated one or more of the three standards found in 35 P.S. § 780–113(a)(14).  *Commonwealth v. West*, 270 Pa.Super. 301, 306–07, 411 A.2d 537, 540 (1979).  The trial court's instruction concerning the third standard inaccurately stated the Commonwealth's burden of proof.

The portions of the statute relevant to the third standard read as follows:

(a) The following acts ... are hereby prohibited:

.      .      .      .      .

---

**3.**  We caution appellant to comply in the future with Pa.R.A.P. 2116. The rule requires an appellant to state the questions involved "in the briefest and most general terms, without names, dates, amounts or particulars of any kind."  The questions involved portion of a brief is not an opportunity to provide argument, but rather is a mechanism by which the appellate court can readily grasp the issues, then proceed with a proper frame of reference.

(14) The ... prescription of any controlled substance by any practitioner ... unless done

.  .  .  .  .

(iii) in accordance with treatment principles accepted by a responsible segment of the medical profession.

In sum, the act of prescribing a controlled substance is not prohibited if the first two standards are met and the act is accepted by "a" responsible segment of the profession. In order for the jury to find that this standard was violated, it must find, inter alia, beyond a reasonable doubt, that "no" responsible segment of the medical profession exists which approves of appellant's treatment principles for the prescription of drugs; for, if *any* responsible segment exists which approves of appellant's methods, appellant cannot be convicted under § 780–113(a)(14), provided the first two standards are also met.

■ With this construction of the statute in mind, it follows that the burden for the Commonwealth is to prove, inter alia, that i) "no" responsible segment of the medical profession exists which accepts appellant's methods. The trial court, however, instructed the jury on this issue as follows:

Then you must find one of the following three: That the dispensing, delivery or the prescribing of the medication for [sic] the controlled substance was not done in accord with the treatment principles accepted by a responsible segment of the medical profession, or,....

N.T. at 716. This part of the instruction did not directly implicate the Commonwealth's burden of proof and is an accurate statement of the law. Next, the trial court instructed:

Or, the Commonwealth must prove, beyond a reasonable doubt, that the defendant in prescribing or dispensing the controlled substance did not do so in accordance with treatment principles accepted by a responsible segment of the medical profession.

N.T. at 721. This statement is also accurate. The court then proceeded to erroneously explain *how* the jurors could find

that the Commonwealth had proven what it was required to prove:

> In order for you to find that the government has successfully met its burden, you must find that the evidence which is presented demonstrates beyond a reasonable doubt that **a responsible segment** of the medical profession **would find** that the defendant's prescribing of controlled substances to the patients involved in this case medically **unacceptable.**

N.T. at 722. This is an inaccurate statement of the law and instructs the jury to convict under the wrong circumstances.

It is not true that only a responsible segment of the profession must find appellant's practices unacceptable; rather, all responsible segments must find his practices unacceptable, for only then is it possible that a segment does not exist which approves of his practices. This burden for the Commonwealth is much weightier than the burden described to the jurors.

■ The trial court continued with the following instruction which was likewise an inaccurate statement of the law:

> If the evidence in the case leaves you with a reasonable **doubt as to whether a responsible segment** of the medical profession **would accept** as reasonable the treatment given by the defendant to the patients involved, then you must find that the government has failed to establish this element of the case....

*Id.* The doubt of the jurors which would prevent conviction under this statute is a doubt that no responsible segment of the profession would accept the treatment methods, or that all responsible segments of the profession reject those methods. The trial court erred by requiring a finding that the Commonwealth had failed to establish an element *if* the jury doubted the proof of something which would have *relieved* appellant of guilt, i.e., whether a segment of the profession would *accept* appellant's practices.

■ As we have done, we must view the jury instructions as a whole and evaluate their prejudicial effect from that standpoint. *Commonwealth v. Waller,* 322 Pa.Super. 11, 14,

468 A.2d 1134, 1135 (1983). The trial court has broad discretion in phrasing its instructions so long as they "clearly, adequately, **and accurately**" present the law. *Commonwealth v. Prosdocimo*, 525 Pa. 147, 150, 578 A.2d 1273, 1274 (1990) (emphasis added). When the trial court has made an instructional error, an appellant is entitled to a new trial if the error was clearly prejudicial to him and no remedial instructions were given. *Commonwealth v. Tharp*, 373 Pa.Super. 285, 288–89, 541 A.2d 14, 16 (1988).

In appellant's case, no instructions were given to remedy the error even though remedial instructions were essentially requested by appellant.[4] In addition, the error was clearly prejudicial to him. The issue of the Commonwealth's burden of proof is fundamental to our legal system which presumes innocence until proof of guilt. Errors which at best obfuscate the jury's responsibilities for assessing guilt are unacceptable absent some attempt at correction by the trial court. Consequently, we find that appellant was prejudiced by the error and grant appellant a new trial because the error respected a fundamental issue and because "the incorrect instructions remained unaltered." *Commonwealth v. Wortham*, 471 Pa. 243, 247, 369 A.2d 1287, 1289 (1977).

We will not consider appellant's second issue because it also asks us to vacate appellant's conviction under the Drug Act, which we have already done in accordance with his first issue. We incorporate the trial court's opinion by reference as correctly and adequately disposing of appellant's fourth[5] and fifth

---

4. During a discussion of proposed jury instructions after trial, appellant's attorney objected to the erroneous instruction which the trial court intended to give. At that time, the trial court noted an exception to appellant, but still refused to adopt appellant's proposed instructions. N.T. at 625–29.

   After the jury instructions were given, a discussion took place at side bar where appellant reminded the trial court that it had noted him an exception regarding the error. Appellant also reexplained to the court how he believed the instruction should have been read and why he objected to the instruction that was given. N.T. at 726–27.

5. Appellant frames his fourth issue in terms of whether the trial court erred in denying his demurrer. This issue is generally not available for appellate review. Once trial has proceeded to presentation of defense

issues. We do the same for appellant's third issue but with some clarification.

■ Appellant was convicted under the Welfare Code for receiving kickbacks through a disguised referral agreement [6] with the Kiski Valley Clinical Laboratory. A witness who had executed the agreement on behalf of Kiski testified on cross-examination that he believed their agreement was legal at its execution. Appellant objects to the witness' testimony on redirect that he later learned the agreement was not legal. Appellant claims this testimony was irrelevant and prejudicial.

First, it is not clear whether the witness' belief regarding the agreement's legality upon *its execution* was even relevant, for it was not this witness who was on trial. Second, because the issue regarding what this witness believed when he executed the agreement was not itself clearly relevant, his testimony acted primarily to create the following unfair inference: because the witness believed the agreement was legal at its execution, it was in fact legal. The trial court was correct to permit testimony on redirect which would counter this unfair and improper inference. *See Commonwealth v. Dreibelbis,* 493 Pa. 466, 479, 426 A.2d 1111, 1117 (1981). Accordingly, because neither the third, fourth, nor fifth issue is a basis for relief, appellant's conviction under the Welfare Code is affirmed.

Judgment of sentence pursuant to conviction under 35 P.S. § 780–113(a)(14) vacated and remanded for new trial. Jurisdiction relinquished. Judgment of sentence pursuant to con-

evidence, the proper challenge on appeal is to the sufficiency of the evidence. *Commonwealth v. Hammock,* 319 Pa.Super. 497, 466 A.2d 653 (1983). Even so, because appellant's fourth issue also includes a statement that the evidence was insufficient to support the verdict, we have disposed of it here.

**6.** The agreement was drafted as a rental agreement. Appellant received $1,110 per month for allegedly renting office space to Kiski for the storage of a centrifuge and a chair. The space in appellant's office necessary to store these "supplies" and operate this "equipment" was approximately three by five feet. Trial Court Opinion at 5. Appellant referred his tests exclusively to Kiski "for patients whose payments were received from the Medical Assistance Program." *Id.* Appellant was convicted through a finding that the "rental" payments were actually kickbacks for appellant's continued referral of tests to Kiski.

viction under 62 P.S. § 1407(a)(2) affirmed. Case remanded. Jurisdiction relinquished.