J-S36022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM MANGINO, II, M.D. | |
| Appellant | No. 1623 WDA 2014 |

Appeal from the PCRA Order September 8, 2014
in the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0001181-2004

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 10, 2015**

William Mangino, II ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

Appellant was arrested following an investigation conducted by the Pennsylvania Office of the Attorney General into "what amounted to a sham medical practice that regularly distributed prescriptions for controlled substances such as OxyContin and Percocet to patients regardless of medical need."  **Commonwealth v. Mangino**, 539 WDA 2008, June 11, 2009 (unpublished memorandum), p. 2.  On July 5, 2007, a jury convicted him of

_____

[*] Retired Senior Judge assigned to the Superior Court.

five counts of unlawful prescription in violation of the Controlled Substance, Drug, Device and Cosmetic Act ("the Drug Act"),[1] three counts of violating the Medicare Fraud and Abuse Control Act,[2] and one count of criminal conspiracy.[3]  On September 14, 2007, the trial court sentenced Appellant to an aggregate term of 7 to 15 years' incarceration.  Appellant filed a timely post-sentence motion, which the trial court denied on February 21, 2008.

Appellant timely appealed, and this Court affirmed the judgment of sentence on June 11, 2009.  On February 18, 2010, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.  Thereafter, Appellant filed a petition for writ of certiorari with the Supreme Court of the United States, which the Supreme Court denied on October 4, 2010.

Appellant timely filed his PCRA petition on October 5, 2011.[4, 5]  The

_____

[1] 35 P.S. § 780-113(a)(14).

[2] 62 Pa.C.S. § 1407(a)(6).

[3] 18. Pa.C.S. § 903.

[4] Appellant had one year from the October 4, 2010 denial of his Supreme Court of the United States certiorari petition in which to file his PCRA petition.  Appellant was incarcerated at the time the Lawrence County Clerk of Courts docketed the petition on October 5, 2011.  Accordingly, Appellant must have mailed his PCRA petition on or before October 4, 2011, and we deem the petition to have been timely filed.

[5] We note that, prior to filing his PCRA petition, Appellant also filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania, which the District Court denied on August 15, 2011. The Third Circuit Court of Appeals denied Appellant a certificate of appealability on February 21, 2013.

PCRA court conducted multiple hearings[6] and eventually denied Appellant's PCRA petition on September 8, 2014. Appellant timely filed his notice of appeal on September 22, 2014, and a timely Pa.R.A.P. 1925(b) statement of matters complained of on appeal on October 6, 2014.

Appellant raises the following issue for review:

I.) Whether the PCRA court abused its discretion in not finding that [Appellant's] trial attorney was constitutionally ineffective for failing to request [] instruction that [the] Commonwealth's burden of proof was to show that [Appellant] did not "physically" or "visually" examine patients in order to be "satisfied" that they were not drug dependent: an element of the crime of unlawful prescription?

Appellant's Brief, p. vi (all capitals removed).

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

_____

[6] On his request, and following a **Grazier** hearing, Appellant litigated his PCRA petition *pro se*. By appointment of the PCRA court, William M. Panella, Esquire, of the Lawrence County Public Defender's Office, acted as standby counsel throughout. Attorney Panella is not a relation of the Honorable Jack A. Panella.

Pennsylvania courts apply the **Pierce**[7] test to review PCRA claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

**Commonwealth v. duPont**, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. **Commonwealth v. Meadows**, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the **Pierce** prongs, the Court need not address the remaining prongs of the test." **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

Appellant claims that trial counsel provided ineffective assistance by failing to request a jury instruction based on the holding of **Commonwealth**

---

[7] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

***v. Stoffan***.[8]  ***See*** Appellant's Brief, pp. 1-19.  We disagree.

This Court decided ***Stoffan*** in 1974.  At that time, the Drug Act prohibited the "prescription [of a controlled substance] except after a physical or visual examination . . . or except where the practitioner is satisfied by evidence that the person is not a drug dependent person." ***Stoffan***, 323 A.2d at 321 (internal quotations omitted).  In ***Stoffan***, we interpreted this statutory language as describing not defenses available to a defendant, but rather "necessary elements of the crime of unlawful prescription which the Commonwealth had to prove." ***Id.*** at 322.

Our Legislature subsequently amended the Drug Act, however, changing the elements of the crime of unlawful prescription.  The current form of Drug Act Subsection 780-113(a)(14), which is the same as the version in effect at the time of Appellant's crimes, prohibits unlawful prescription as follows:

> The administration, dispensing, delivery, gift or prescription of any controlled substance by any practitioner or professional assistant under the practitioner's direction and supervision unless done (i) in good faith in the course of his professional practice; (ii) within the scope of the patient relationship; (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession.

35 Pa.C.S. § 780-113(a)(14).[9]

---

[8] 323 A.2d 318 (Pa.Super.1974).

Simply stated, by the time of Appellant's crimes in 2003 (and therefore by his trial in 2007), the Legislature had changed the elements of the crime of unlawful prescription. The Commonwealth was not required to prove that Appellant prescribed controlled substances without conducting a physical or visual examination or without being satisfied by evidence that the person was not drug dependent. Instead, the Drug Act required that the Commonwealth prove beyond a reasonable doubt that Appellant was writing prescriptions in a manner which violated one or more of the three standards found in 35 P.S. § 780-113(a)(14). *See Commonwealth v. Salameh*, 617 A.2d 1314, 1315 (Pa.Super.1992). Accordingly, a request by trial counsel for a *Stoffan*-based jury charge would have been futile. "Counsel will not be held ineffective for failing to request an instruction to which his client was not entitled." *Commonwealth v. Spotz*, 18 A.3d 244, 299-300 (Pa.2011).

*(Footnote Continued)* ───────────────

[9] This current version of Subsection 780-113(a)(14) effectively criminalizes non-compliance with the standard contained in 35 Pa.C.S. § 780-111(d), which governs the prescription, administration, and dispensing of controlled substances and provides:

> A practitioner may prescribe, administer, or dispense a controlled substance or other drug or device only (i) in good faith in the course of his professional practice, (ii) within the scope of the patient relationship, and (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession. A practitioner may cause a controlled substance, other drug or device or drug to be administered by a professional assistant under his direction and supervision.

35 Pa.C.S. § 780-111(d).

Because Appellant's claim that trial counsel provided ineffective assistance of counsel by failing to request a jury instruction based on **Stoffan** lacks merit, the PCRA court did not err in denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015