Nancy TERWILLIGER and John J. Stefancin, Sr., Administrators of the Estate of Michael P. Stefancin, Deceased, Appellees,

v.

Maryann B. KITCHEN; Estate of Kenneth Eugene Kitchen, Deceased, Appellee,

Jo–Mare, Inc., T/A Club Allure; Jo–Mare, Inc., T/A Klub Kix and Jo–Mare, Inc., Appellant.

Appeal of Jo–Mare, Inc., T/A Club, Allure; Jo–Mare, Inc., T/A Klub Kix and Jo–Mare, Inc.

Superior Court of Pennsylvania.

Submitted May 7, 2001.
Filed July 25, 2001.

1202

Vance E. Meixsell, Sciota, for appellant.

John R. Vivian, Easton, for appellees.

Before STEVENS, TAMILIA and POPOVICH, JJ.

TAMILIA, J.

¶ 1 Jo–Mare, Inc., T/A Club Allure; Jo–Mare, Inc., T/A Klub Kix and Jo–Mare, Inc., appeals the judgments entered March 13, 2000, following the court's ruling on appellant's post-trial motions in this wrongful death and survival action.

¶ 2 Michael P. Stefancin (Stefancin) was a passenger in a car owned by Maryann B. Kitchen (vehicle owner) and driven by Kevin Eugene Kitchen (Kitchen).[1] The car struck a telephone pole, killing Kitchen instantly. Stefancin sustained severe injuries from which he later died. On the evening of the accident, both Kitchen and Stefancin had been consuming alcohol at Klub Kix, a business establishment operated by appellant. Kitchen, who did not possess a valid driver's license at the time of the accident,[2] was found to have a blood alcohol content of .16% at or near the time of the accident while a urine sample revealed an alcohol content of .2%.

¶ 3 The estate of Michael P. Stefancin, through its administrators Nancy Terwilliger and John J. Stefancin, Sr.,[3] alleged appellant served alcohol to Kitchen while he was visibly intoxicated in violation of

---

1. Parties will be referred to as follows:

 Michael P. Stefancin: Stefancin
 Kenneth Eugene Kitchen: Kitchen
 Maryann B. Kitchen: vehicle owner
 Jo–Mare, Inc., Jo-mare, Inc. trading as Club Allure and Klub Kix: appellant.

2. It is unclear from the record whether Kitchen's license was suspended or revoked.

3. The relationship between Michael Stefancin and the administrators of his estate is unclear. It appears uncontradicted that Nancy Terwilliger is Michael Stefancin's mother. According to the findings of fact of the December 17, 1999 trial court decision, John Stefancin is Michael Stefancin's brother. According to the findings of fact of the Order of the court dated February 8, 2000, John Stefancin is Michael Stefancin's father.

the Dram Shop Act[4] § 4–493(1), **Unlawful acts relative to liquor, malt and brewed beverages and licensees,** and, therefore, was liable for Stefancin's injuries and death. Additionally, Stefancin's estate alleged the vehicle owner was liable for negligent entrustment of her automobile to her son and that Kitchen was liable for his negligence in driving while intoxicated.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING VERDICT

¶ 4 Following a non-jury trial, verdicts were entered on December 17, 1999, in favor of Stefancin's estate against appellant, and in favor of the vehicle owner and against Stefancin's estate. The trial court found appellant served Kitchen when he was visibly intoxicated in violation of the Dram Shop Act and that this was a substantial factor in causing Stefancin's injuries and subsequent death. The trial court found the vehicle owner was not negligent in entrusting her vehicle to Kitchen because she had not given her son permission to drive her car on the evening of the accident and, in fact, had limited the scope of her consent to emergency situations. Further, she did not know and had no reason to know he would drive the vehicle while intoxicated, and there was no evidence he was an incompetent driver. The trial court, however, established she was aware his license had been suspended or revoked in the past and although he subsequently told her he had again obtained a driver's license, he refused to show it to her upon her request. Accordingly, the

trial court found the vehicle owner had reason to know Kitchen did not possess a valid driver's license and she, therefore, violated 75 Pa.C.S.A. § 1574, **Permitting unauthorized person to drive,**[5] (a) **General Rule.** Finding the violation was not the proximate cause of Stefancin's injuries, the court did not attribute any liability to the vehicle owner pursuant to section (b), **Penalty,** based upon her section 1574(a) violation.

¶ 5 Further, the trial court found Stefancin was contributorily negligent since he subjectively was aware Kitchen was too intoxicated to drive when he agreed to ride with him. According to the eyewitness testimony of Ronald Hughes, Jr., Stefancin asked Hughes for a ride earlier in the evening because Stefancin felt Kitchen was too intoxicated to drive (N.T. at 64, 65). Although Hughes also had been drinking, he testified that he was not too intoxicated to drive and, in fact, arrived home safely. Stefancin declined the offer from Hughes and instead accepted a ride from Kitchen (N.T. at 65). The trial court made no finding regarding the negligence of Kitchen.

¶ 6 Total damages were determined to be $257,609.33. Because twenty-five percent (25%) of the causal negligence was attributed to Stefancin, judgment was entered for $193,207.00.

## MODIFICATION OF CONCLUSIONS OF LAW AND VERDICT FOLLOWING POST–TRIAL MOTIONS

¶ 7 Appellant filed timely post-trial motions in which it challenged the sufficiency

4. 47 P.S. §§ 4–493, 4–497.

5. 75 Pa.C.S.A. § 1574. **Permitting unauthorized person to drive.**
(a) **General Rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not

licensed for the type or class of vehicle to be driven.
(b) **Penalty.**—Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.

of the evidence, the recovery by Stefancin's estate in light of his contributory negligence, the finding of no liability on the part of the vehicle owner, and the lack of any finding regarding the liability of Kitchen.

¶ 8 After ruling on appellant's post-trial motions, the trial court entered an Order on March 13, 2000, that, *inter alia,* denied appellant's motions for a new trial and for judgment notwithstanding the verdict, granted appellant's motion to modify the December 17, 1999 verdict and vacated said verdict.[6]

¶ 9 Upon review of the post-trial motions, the trial court found the evidence sufficient to prove appellant served alcohol to Kitchen when he was visibly intoxicated. The trial court also reiterated that under 42 Pa.C.S.A. § 7102, **Comparative negligence,** a plaintiff guilty of contributory negligence is not barred from recovery so long as his negligence does not exceed that of the defendants.[7]

¶ 10 Finding existing case law established that a vehicle owner who violates section 1574(a) is vicariously liable under section 1574(b) for the negligent acts of the driver to whom the owner entrusts the vehicle, the trial court found that it made an error of law in holding the vehicle owner was not liable for Stefancin's injuries because her violation of section 1574(a) was not a proximate cause of Stefancin's injuries. Because case law also established the owner or controller who violates section 1574(a) is subject to liability "at the time the vehicle owner or controller entrusts his vehicle to one he knows or has reason to know, is unauthorized or unlicensed, to drive the vehicle on the highway", *Shomo v. Scribe,* 546 Pa. 542, 549, 686 A.2d 1292, 1296 (1996), the trial court found the vehicle owner violated section 1574(a) at the time she authorized and empowered Kitchen to use her car when she had reason to know he did not possess a valid driver's license. Accordingly, the court found her vicariously liable for any damages caused by Kitchen.

¶ 11 The trial court also found it had abused its discretion in not making any findings regarding Kitchen's negligence. The court noted a driver can be held liable for contributory/comparative negligence for driving a motor vehicle while intoxicated. Because the court found Kitchen was intoxicated at the time of the accident and his intoxication was a substantial factor in causing Stefancin's injuries, it held Kitchen liable.

¶ 12 Accordingly, the trial court attributed twenty percent (20%) of the causal negligence to Kitchen, sixty percent (60%) to the appellant and twenty percent (20%) to Stefancin. Judgment was entered in favor of Nancy Terwilliger and John J. Stefancin, Sr., Administrators of the Estate of Michael P. Stefancin, and against appellant in the amount of $154,565.59. Additionally, since the court found the vehicle owner was vicariously liable for the acts of Kitchen, judgment was entered in favor of Nancy Terwilliger and John J. Stefancin, Sr., Administrators of the Es-

---

6. The March 13, 2000 Order refers to a November 17, 1999 verdict, which does not exist. It appears to be referencing the December 17, 1999 verdict.

7. 42 Pa.C.S.A. § 7102. **Comparative negligence.**

 (a) **General Rule**—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar recovery by the plaintiff or his legal representatives where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

tate of Michael P. Stefancin, and against the Estate of Kitchen and Maryann B. Kitchen, the vehicle owner, in the amount of $51,521.87.

¶ 13 Appellant now raises the following issues for our review: [8]

A. Whether the Lower Court erred as a matter of law and/or abused its discretion in finding that Maryann Kitchen's violation of Title 75 Pa.C.S. § 1574(a) in allowing her son, Kenneth Eugene Kitchen, to operate her vehicle when she had reason to know that he did not have a valid driver's license, made her "vicariously" and not "jointly and severally" liable with him pursuant to Title 75 Pa. C.S. § 1574(b) for the damages suffered by Plaintiff's?

(i) Whether, in light of this error, a judgment should be entered against Defendant, Maryann B. Kitchen, [the vehicle owner] individually for at least 20% of the damages awarded to Plaintiffs, or, in the alternative, this matter should be remanded for a new trial on the issue of the percent of damages to be ascribed to Mrs. Kitchen [the vehicle owner] alone?

B. Whether the Lower Court erred as a matter of law and/or abused its discretion in finding that Michael Stefancin's contributory negligence in agreeing to ride as a passenger with Kenneth Eugene Kitchen when he (Stefancin) knew he (Kitchen) was intoxicated was not a complete defense (i.e. assumption of the risk) against [appellant]?

C. Whether the Lower Court erred as a matter of law and/or abused its discretion in finding that the [appellant] served alcohol to Kenneth Eugene Kitchen while he was visibly intoxicated solely based upon the testimony of Ronald Hughes. Jr.?

(i) Whether, in light of this error, a new trial should be granted to the [appellant]?

D. Whether the Lower Court erred as a matter of law and/or abused its discretion when it found that the Plaintiffs were entitled to pain and suffering damages of $15,000.00 since the testimony, evidence and stipulations of counsel submitted at trial were conclusive of the fact that Plaintiff's decedent, Michael Stefancin, was not conscious at any time after the accident occurred and before his death and therefore Plaintiffs should not be entitled to pain and suffering damages in any amount?

(Appellant's brief at 6–7.)

## DISCUSSION

 'Our scope of review for cases tried without a jury is limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.'

*Anderson v. Litke Family Trust Ltd. Pshp.*, 748 A.2d 737, 738–739 (Pa.Super.2000), *quoting Behar v. Frazier*, 724 A.2d 943, 946 (Pa.Super.1999).

¶ 14 Appellant argues the vehicle owner should be held jointly and severally liable

---

**8.** The only participants in this appeal are appellant and the estate of Stefancin. The estate of Kenneth Kitchen is not participating in

this appeal and Maryann Kitchen filed a Notice of No Interest on November 30, 2000.

with Kitchen rather than vicariously liable for the damages caused by him. Upon careful review, we find the imposition of vicarious liability was appropriate.

¶ 15 The language of section 1574(b) indicates that one who violates the provisions of section 1574(a) is jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle. The legislative intent, however, has been interpreted to hold the owner of the vehicle vicariously liable for such damages. *Commonwealth of Pa., Dept. of Public Welfare v. Hickey,* 136 Pa.Cmwlth. 223, 582 A.2d 734 (1990). In *Hickey,* the plaintiff sued the defendant/owner of an automobile under section 1574 when plaintiff's decedent, unlicensed and intoxicated, was killed while driving defendant's automobile. In determining the legislative intent behind the enactment of section 1574, the *Hickey* court considered the theories of strict liability, vicarious liability and negligence per se and concluded "[b]y process of elimination, therefore, it seems to us that the Legislature has intended to establish a system of vicarious liability". *Id.* at 737.

¶ 16 The Supreme Court in *Crowell v. City of Philadelphia,* 531 Pa. 400, 613 A.2d 1178 (1992), in holding vicarious liability may not be imposed upon a governmental unit but joint tortfeasor liability may, distinguished between the two theories. In *Crowell,* plaintiffs brought a wrongful death and survival action against the city and the intoxicated driver of the other car after their child was killed in an automobile accident. The action against the city was based upon a city employee's misplacement of a directional arrow, which was found to be a substantial factor in causing the accident. The trial court found the government was immune under the Governmental Immunity Act, 42 Pa.

C.S.A. § 8541, **Governmental immunity generally.**

¶ 17 In distinguishing the two theories of liability, the *Crowell* court noted that one who is vicariously liable is without fault, but is secondarily liable for the acts of a third person. The third person is primarily liable and the negligence of the third person is imputed to one who is held vicariously liable. Conversely, one who is jointly liable is directly liable since the acts of a joint tortfeasor contributed to the plaintiff's injuries.

> [S]econdary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law[.] ... In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, ... there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other. The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him[.]

*Id.* at 412, 613 A.2d at 1184.

¶ 18 In *Crowell,* the Supreme Court interpreted section 8541 as precluding vicarious liability but held liability may be imposed upon a governmental unit where the claim against it is based on its actions which contributed to the injury of another. Accordingly, the court found a verdict against the city was proper since the action against the city was based upon its employee's action in misplacing the sign, which was found to have contributed to the

plaintiff's injuries, and not based upon the city's status.

 ¶ 19 Unlike the city of Philadelphia in *Crowell*, whose acts were found to be a substantial factor in causing injury to the plaintiffs, the acts of the vehicle owner in this case were not found to be a substantial factor causing injury to Stefancin. Here, the vehicle owner was not found liable for negligent entrustment because she did not know or have reason to know her son would operate her vehicle while intoxicated. The court determined she should have known her son did not possess a valid driver's license when she entrusted her vehicle to him and that in doing so, she violated section 1574(a). The court also found, however, her violation of section 1574(a) was *not* a substantial factor in causing Stefancin's injuries. As a result, the vehicle owner is not directly liable for Stefancin's injuries. She did not act with other tortfeasors to injure another and is, therefore, not subject to joint tortfeasor liability. Rather, the vehicle owner's liability is based solely upon her violation of section 1574(a), arising through a positive rule of statutory law, section 1574(b). Kitchen's negligence is imputed to her, making her vicariously liable for the portion of the damages for which Kitchen was found liable.

¶ 20 Appellant relies primarily upon *Shomo, supra*, in which the issue on appeal was whether the vehicle owner violated section 1574(a), and, thus, could be held jointly and severally liable pursuant to section 1574(b) for damages in the appellant's negligence action. The *Shomo* Court found that a violation of 1574(a) occurs *at the time the owner or controller of the vehicle entrusts his vehicle* to one he knows or has reason to know is unauthorized, or unlicensed, to drive the vehicle on the highway. *Id.* The *Shomo* Court focused on the time at which the statute is violated rather than the type of liability to

be imposed and, as a result, *Shomo* is not controlling.

¶ 21 Accordingly, we agree with the trial court that the vehicle owner is vicariously liable for the damages caused by Kitchen.

¶ 22 Appellant next argues Stefancin's estate should be barred from recovery due to Stefancin's contributory negligence and/or his assumption of the risk. This argument is based on the trial court's finding Stefancin to be contributorily negligent in agreeing to ride with Kitchen when he subjectively was aware Kitchen was too intoxicated to drive.

¶ 23 Appellant relies on *Whitner v. Lojeski*, 437 Pa. 448, 263 A.2d 889 (1970), for its contention that Stefancin's negligence in the face of a known danger is extraordinary and as such, is an intervening superseding cause of his injuries, relieving appellant of any liability.

¶ 24 In *Grainy v. Campbell*, 493 Pa. 88, 425 A.2d 379 (1981), our Supreme Court made it clear the Restatement (Second) of Torts § 447 **Negligence of Intervening Acts**, is controlling on the issue of whether an intervening act of negligence relieves the first actor of liability.

> In section 447, the liability of the first actor continues whenever: (a) the first actor "should have realized" that the second actor might so act"; (b) a reasonable man would not regard the second actor's action as "highly extraordinary"; or (c) the second actor's conduct is a "normal consequence of the situation created" by the first actor and "not extraordinarily negligent."

*Id.* at 91–92, 425 A.2d at 381. The *Grainy* court noted that a plaintiff's negligence in the face of a known danger will not preclude recovery since the focus of section 447 is on the foreseeability of the second actor's conduct. Furthermore, the *Grainy* court expressly overruled cases inconsis-

tent with this analysis, including *Whitner*, *supra*, upon which appellant relies. *Grainy* at 94, 425 A.2d at 382.

¶ 25 Applying section 447 of the Restatement to this case, appellant is the first actor, and Stefancin is the second. Appellant is not relieved from liability if it was foreseeable that Stefancin would accept a ride home from Kitchen. As we find it foreseeable that one may accept a ride with a driver one knows to be intoxicated, it was appropriate to not relieve appellant of liability.

¶ 26 Appellant also contends the affirmative defense of assumption of the risk should apply to this case, barring recovery completely. Appellant's argument is based on the finding that Stefancin subjectively knew Kitchen was too intoxicated to drive safely when he accepted a ride from him. (Trial Court Opinion, McFadden, J., 3/13/2000, at 10.)

¶ 27 Appellant relies upon *Miller v. Brass Rail Tavern, Inc.*, 702 A.2d 1072 (Pa.Super.1997), for its argument that Stefancin assumed the risk. In *Miller*, the appellant sued the appellee bar owner after appellant's decedent driver died in a motor vehicle accident. Appellants claimed the decedent had been served alcohol in appellee's bar while visibly intoxicated in violation of the Dram Shop Act. The doctrine of assumption of the risk was found not to apply since the decedent driver was too intoxicated to have been aware subjectively of the risks. Further, the case was, in fact, remanded for consideration of the defense of contributory negligence since it was held that the trial court was wrong to reject the defense initially.

¶ 28 Our Supreme Court in *Hughes v. Seven Springs Farm, Inc.*, 563 Pa. 501, 762 A.2d 339 (2000), discussed the status of the doctrine of assumption of the risk in light of the passage of the comparative negligence statute.

As a general rule, the doctrine of assumption of the risk, with its attendant "complexities" and "difficulties," has been supplanted by the Pennsylvania General Assembly's adoption of a system of recovery based on comparative fault in the Comparative Negligence Act. 42 Pa.C.S.[A.] § 7102(a)–(b).

*Id.* at 504, 762 A.2d at 341 (citation omitted). *Hughes* was a case involving downhill skiing, to which 42 Pa.C.S.A. § 7102(c), Downhill skiing (i.e. The Pennsylvania Skiers Responsibility Act), applied. The *Hughes* court points out that while the doctrine of assumption of the risk has been superseded by section 7102, section 7102(c) specifically retains the doctrine of assumption of the risk for the activity of downhill skiing. In *Hughes*, the appellant/skier, who was engaged in the act of skiing when she was injured by another skier, was therefore barred from recovery against the appellee/ski resort since she was found to have assumed the risks inherent in the activity.

¶ 29 As this case does not involve downhill skiing to which assumption of the risk would apply, it is appropriate to apply the principles of comparative negligence.

¶ 30 Pennsylvania's comparative negligence statute does not bar recovery by the plaintiff as long as the plaintiff's causal negligence is not greater than that of the defendant. *See* 42 Pa.C.S.A. § 7102, *supra* at n. 7. The trial court found Stefancin, knowing Kitchen was too intoxicated to drive, was contributorily negligent in agreeing to ride with Kitchen. Applying comparative negligence rather than assumption of the risk, Stefancin's estate is not barred from recovery since Stefancin's causal negligence was found to be twenty percent (20%), which is less than appellant's sixty percent (60%).

¶ 31 Appellant next argues, as a matter of law, Stefancin's estate failed to prove by

a preponderance of the evidence that an employee of appellant served Kitchen when he was visibly intoxicated, making appellant liable for Stefancin's death.

¶ 32 This Court in *Bergman v. United Services Auto. Ass'n,* 742 A.2d 1101, 1104 (Pa.Super.1999), stated "[w]hen determining whether the trial court abused its discretion, ... [t]he test is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion." Further "[i]t is beyond argument that the fact-finder is free to accept or reject the credibility of both expert and lay witnesses, and to believe all, part or none of the evidence." *Gunn v. Grossman,* 748 A.2d 1235, 1240 (Pa.Super.2000), *appeal denied,* 764 A.2d 1070, 764 A.2d 1070 (2000).

 ¶ 33 The eyewitness, Hughes, testified he clearly saw an employee of the appellant serve alcohol to Kitchen when Kitchen was visibly intoxicated (N.T. at 47, 51, 69). This testimony is uncontradicted and the trial court found Hughes' testimony to be credible. (Trial Court Opinion at 5.) Based upon this evidence, the trial court reasonably reached the conclusion appellant served Kitchen while visibly intoxicated, and, accordingly, properly held appellant liable under the Dram Shop Act.

 ¶ 34 Finally, appellant argues that because Stefancin was not conscious from the time of the accident until his

death, the award for damages under the Survival Act, 42 Pa.C.S. § 8302, Survival Action, should be reduced by $15,000, the pain and suffering portion of the award. "If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *Lane Enterprises, Inc. v. L.B. Foster Co.,* 551 Pa. 306, 306, 710 A.2d 54, 54 (1998). The purpose of the waiver rule is to promote judicial economy by providing the trial court with an opportunity to review and reconsider its earlier rulings and correct its own error. *Soderberg v. Weisel* 455 Pa.Super. 158, 687 A.2d 839 (1997). As pointed out in appellee Stefancin's estate's brief, appellant failed to raise this issue in its post-trial motions. *See* Post–Trial Motions, Record at # 72. Consequently, the trial court did not address the issue and this issue is waived.[9]

¶ 35 We find that the trial court did not abuse its discretion or misapply the law with respect to the matters raised on appeal. Accordingly, the judgments are affirmed.[10]

¶ 36 Judgments affirmed.

---

**9.** Although both parties stipulated Stefancin did not regain consciousness after the accident, it appears he remained alive for a short period following the accident. The testimony of State Trooper Carey revealed that immediately following the accident, Stefancin had a pulse and was moaning. This appears to be evidence of some level of conscious pain and suffering prior to his death. Looking at this evidence in the light most favorable to the victorious party, this evidence does support

an award of damages under the Survival Act. *Nye v. Commonwealth of Pennsylvania, Department of Transportation,* 331 Pa.Super. 209, 480 A.2d 318 (1984)

**10.** The fourth motion filed by Stefancin's estate to dismiss the appeal for appellant's failure to file a supersedeas bond in compliance with this Court's Orders of June 16, 2000 and September 19, 2000 is denied as moot.