Tiffany REKUN, Individually and as Administratrix of the Estate of Neil Rekun

v.

Carl PELAEZ, Appellant.

Superior Court of Pennsylvania.

Argued April 29, 2009.
Filed June 22, 2009.

Audrey Copeland, King of Prussia, for appellant.

Charles Kannebecker, Milford, for appellee.

BEFORE: STEVENS, LALLY-GREEN and KLEIN, JJ.

OPINION BY KLEIN, J.:

¶ 1 Tiffany Rekun, the Administratrix of the Estate of Neil Rekun, initially filed suit against Carl Pelaez after Neil Rekun was killed while riding a motorcycle when hit by Pelaez. Ultimately, the parties

agreed to binding arbitration before former Court of Common Pleas Judge Thomas Raup. Judge Raup found *Neil Rekun 60% negligent* and Carl Pelaez 40% negligent and determined the damages to be $800,000. The parties agreed on a cap on damages of $100,000.

¶ 2 Pelaez filed a motion to confirm the arbitrator's award because under Pennsylvania's Comparative Negligence Act, a plaintiff cannot recover if he or she is more than 50% negligent. *See* 42 Pa.C.S.A. § 7102(a); *see also Gorski v. Smith*, 812 A.2d 683, 703 (Pa.Super.2002). Rekun argues that the language the parties had agreed on, "comparative fault," did not include a bar on recovery if a plaintiff was more than 50% negligent, just a proportionate reduction. Pelaez also challenged jurisdiction, since the accident occurred in New Jersey and Pelaez lived and was served in New Jersey.

¶ 3 We agree with the trial court that there is jurisdiction in Pennsylvania, since the parties mutually agreed to conduct a non-court annexed arbitration in Pennsylvania. However, because we find that 1) "comparative negligence" and "comparative fault" are analogous terms; 2) the document was drafted by Rekun's counsel and should be read against him; and 3) the nature of the negotiations was to incorporate Pennsylvania's traditional comparative negligence structure, we disagree with the trial judge that Rekun can recover if more than 50% negligent. Therefore, we reverse and remand with directions to confirm the arbitration award and enter judgment in favor of Pelaez.

### Facts and Procedural History

¶ 4 On August 5, 2005 Pelaez's counsel sent a letter to Rekun's counsel proposing a jury trial on liability and stated that if Rekun was found 51% or more negligent, he would get nothing. Additionally, the letter proposed that if liability is assessed 50/50%, Rekun would get $50,000.00, but if Pelaez was found to be 51% negligent or more then Rekun would recover the amount commensurate with the percentage of Pelaez's negligence with the maximum amount recoverable capped at $100,000.00. Rekun's counsel rejected this proposal on August 8, 2005.

¶ 5 On November 27, 2006, Rekun's counsel proposed application of "comparative fault" whereby "if that award were $900,000.00 and the judge found 40% comparative, the award would be $540,000.00 but the amount owed would still be $100,000.00." (Petition to Enforce Arbitration Decision and Enter Judgment in Favor of Defendant, Exhibit A.) Pelaez's counsel agreed to the proposal on January 4, 2007.

¶ 6 On March 12, 2008 Judge Raup found Neil Rekun 60% negligent and Pelaez 40% negligent and determined the damages to be $800,000, which were capped at $100,000 by agreement of the parties. On March 19, 2008 Pelaez filed a Petition to Enforce Arbitration Decision and Enter Judgment in Favor of Defendant. On June 27, 2008 the trial court denied Pelaez's petition and entered on the docket on June 2, 2008.

¶ 7 Pelaez now appeals, claiming that the trial court lacked jurisdiction and venue where the accident occurred in New Jersey, he resides in New Jersey and was served in New Jersey. Second, Pelaez claims that the principles of comparative fault and comparative negligence are one and the same and because Rekun was found to be 60% negligent judgment should be entered in favor of Pelaez.

### Discussion

¶ 8 We first note that more careful drafting by the attorneys in this case would have avoided the need for further litigation after arbitration. There is no

excuse for either counsel's failure to make clear what the parameters of arbitration are in a six-figure case. While we find that the agreement does call for the standard concept of comparative negligence (sometimes called "comparative fault") to apply, this is a close question and we understand the reasoning of the distinguished trial judge, although we disagree with it.[1]

### A. Jurisdiction

 ¶ 9 "The making of an agreement ... providing for arbitration in this Commonwealth confers jurisdiction on the courts of this Commonwealth to enforce the agreement under this subchapter and to enter judgment on an award made thereunder." 42 Pa.C.S.A. § 7318. "An agreement to arbitrate a dispute is an agreement to submit oneself as well as one's dispute to the arbitrators' jurisdiction." *Midomo Co., Inc. v. Presbyterian Housing Dev. Co.,* 739 A.2d 180, 187 (Pa.Super.1999).

¶ 10 We find that there is jurisdiction in Pennsylvania since the parties agreed to private arbitration and that arbitration was in Pennsylvania. Pelaez assented to the jurisdiction and venue by both failing to raise the issue of jurisdiction prior to arbitration and then by participating in arbitration in Pennsylvania.

### B. Arbitration Award

 ¶ 11 We find that several factors weigh in favor of barring Rekun from recovery when he was 60% at fault:

¶ 12 1. The history of the negotiations was that traditional comparative negligence principles would apply, barring a plaintiff from recovery if he or she is more than 50% negligent. The initial proposal for a jury trial on liability spelled this out.

¶ 13 2. If an arbitrator is to deviate from traditional principles of comparative negligence, the difference needs to be *clearly* spelled out.

¶ 14 3. If there is an ambiguity in a contract, it should be construed against the drafter, in this case Rekun.

¶ 15 The Comparative Negligence Act provides:

> In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa.C.S.A. § 7102(a).

¶ 16 Additionally, our courts have used the terms "comparative negligence" and "comparative fault" interchangeably, intending them to mean the same thing. *See Hughes v. Seven Springs Farm, Inc.,* 563 Pa. 501, 762 A.2d 339, 341 (2000); *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120, 125 (1983); *Terwilliger v. Kitchen,* 781 A.2d 1201, 1209 (Pa.Super.2001).

¶ 17 Rekun's attorney stated in the November 27, 2005 letter that "comparative fault" would apply, and as there is no statute or case law that defines comparative fault separate from comparative negligence, common sense says that the parties

---

1. Equally frustrating is the fact that both parties have incorrectly cited to statutes and interchangeably labeled the parties by their last names, "Appellant/Appellee" and/or "Plaintiff/Defendant."

agreed to apply the standard principles of comparative fault/comparative negligence.

¶ 18 In fact, Rekun's attorney, to clarify his use and interpretation of the term "comparative fault," only explains how it will affect the maximum amount recoverable. He states: "The way you have it phrased is that comparative fault would apply to policy limits and not to the award, which ... is subject to the cap." (Petition to Enforce Arbitration Decision and Enter Judgment in Favor of Defendant, Exhibit A.) If Rekun's counsel meant to deviate from the traditional principle of comparative negligence—i.e. allow Rekun to recover even where it is found that Neil Rekun was 51% or more negligent—one would expect that Rekun's attorney would have clearly set out the terms, instead of discussing policy limits and the cap on damages.

¶ 19 Finally, "[w]hen the words of a contract are clear and unambiguous, the intent of the parties is to be discovered from the express language of the agreement. Where ambiguity exists, however, the courts are free to construe the terms against the drafter and to consider extrinsic evidence in so doing." *Raiken v. Mellon*, 399 Pa.Super. 192, 582 A.2d 11, 13 (1990) (citations omitted).

¶ 20 As Rekun's counsel was the party who drafted the final "contract," we shall construe the terms against him, as the drafter. Thus, we find that the parties agreed that the finding of comparative negligence would apply to the entire award, which would then be capped at $100,000. Because Judge Raup found Neil Rekun to be 60% negligent, Rekun is barred from any recovery.

¶ 21 Order reversed. Case remanded with directions to confirm the arbitration award and enter judgment in favor of Pelaez. Jurisdiction relinquished.