J-A06006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AS PELEUS, LLC, A DELAWARE LIMITED LIABILITY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| 1328 UNITY CORP | |
| Appellant | No. 1624 EDA 2014 |

Appeal from the Judgment Entered August 4, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2012 No. 120700926

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 09, 2015**

Appellant, 1328 Unity Corp ("Unity"), appeals from the judgment entered after a non-jury verdict granting foreclosure to Appellee, AS Peleus, LLC ("Peleus").  Unity challenges the trial court's finding that Peleus was a holder in due course of the underlying Note.  After careful review, we affirm.

In 2006, Unity executed and delivered a promissory note ("Note") and associated mortgage in favor of Greenpoint Mortgage Funding, Inc., on a property located in the City of Philadelphia ("the Property").  It is undisputed, for purposes of this appeal, that Unity made no payments on the note from 2009 to the time of trial in 2014.

In the intervening years, the Note and mortgage were transferred multiple times, and as has become evident over the years, the formalities of

these transfers were not well respected or documented by the mortgage industry as a whole. In this instance, the mortgage was purportedly transferred by an entity known as Waterfall Victoria Mortgage Trust 2011-SBC1 to Citibank, N.A., as trustee for CMLTI Asset Trust. Unfortunately, at that time, Waterfall Victoria Mortgage Trust 2011-SBC1 was not the recorded assignor of the mortgage; Waterfall Victoria Master Fund, Ltd., was.

Nevertheless, shortly thereafter, on July 6, 2012, Citibank, N.A., instituted the instant mortgage foreclosure action against Unity. While the litigation was pending, it is apparent that Citibank recognized the fault in the recorded chain of title. Corrective assignments were therefore filed, demonstrating a chain of transfers from Waterfall Victoria Master Fund, Ltd. to Citibank, N.A., as trustee for CMLTI Asset Trust. Citibank, N.A. subsequently transferred the Note and mortgage to Peleus, and Peleus was substituted as plaintiff in the foreclosure action.

At trial, Peleus presented testimony and documentary evidence of the chain of transfers that led to Peleus's possession of the Note and mortgage. Unity objected to the admission of one purported page of the Note, which allegedly contained an indorsement in blank, on the grounds that it was unauthenticated. The trial court, observing that pages of the Note were numbered 1 through 6 of 6, and that this purported page contained no

pagination, sustained Unity's objection and admitted the Note without the contested page.

At the conclusion of trial, the trial court found that Peleus had established its standing to foreclose, as well as its right to foreclose, and entered a verdict in favor of Peleus. Unity filed post-trial motions, which the trial court denied. Judgment was entered on the verdict, and this timely appeal followed.

On appeal, Unity raises two interrelated issues for our review. First, Unity argues that the record does not support the trial court's finding that Peleus is a holder in due course of the Note and mortgage. In the alternative, Unity contends that the trial court's finding on Peleus's status was against the weight of the evidence at trial. Ultimately, we find neither argument persuasive, and agree with the trial court that Peleus has established itself as a holder in due course.

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue … concerns a question of law, our scope of review is plenary.

***Stephan v. Waldron Elec. Heating and Cooling, LLC***, 100 A.3d 660, 664-664 (Pa. Super. 2014) (citation and brackets omitted). In contrast, "a

new trial will be granted on the basis that it is against the weight of the evidence only when the [fact-finder's] verdict is so contrary to the evidence as to shock one's sense of justice, and a new trial is necessary to remedy the situation." ***Pittsburgh Construction Company v. Griffith***, 834 A.2d 572, 584 (Pa. Super. 2003) (citation omitted). We, as an appellate court, do not review the record to determine whether our sense of justice is shocked; we determine only whether the trial court's analysis and conclusion on this question constitute an abuse of discretion. ***See Zeffiro v. Gillen***, 788 A.2d 1009, 1012 (Pa. Super. 2001).

Unlike a sufficiency of the evidence claim, we need not view all the evidence in a light most favorable to the verdict winner. ***See id***. Instead, we must review all the evidence. ***See Lanning v. West***, 803 A.2d 753, 766 (Pa. Super. 2002). We will not grant a new trial if the evidence presented at trial was conflicting and the fact-finder could have decided in favor of either party. ***See id***. It is well established that the fact-finder is free to accept or reject the testimony of both expert and lay witnesses, and to believe all, part or none of the evidence. ***See Terwilliger v. Kitchen***, 781 A.2d 1201, 1210 (Pa. Super. 2001).

Under either standard of review, Unity is due no relief on appeal. Unity concedes that the Note and mortgage in this case are negotiable instruments and are therefore governed by the Uniform Commercial Code ("UCC"). ***See*** Appellant's Brief, at 10. This Court has held that, under the

- 4 -

UCC, a debtor does not have standing to challenge defects in the chain of possession of a valid note. *See **J.P. Morgan Chase Bank, N.A. v. Francis X. Murray***, 63 A.3d 1258, 1266 (Pa. Super. 2013). This is due to the fact that such a debtor's liability under the note is completely discharged by paying the holder, even if another party is ultimately determined to be the real party in interest. *See **id**.*, at 1265.

Here, Unity does not challenge the validity of the Note or mortgage, only that Peleus has established that it is the real party in interest. *See* Appellant's Brief, at 9; 12-13. Under **Murray**, Unity does not have standing to raise this challenge. We therefore conclude that the trial court did not err in entering judgment in favor of Peleus.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2015

- 5 -