541 A.2d 14

COMMONWEALTH of Pennsylvania

v.

David THARP, Appellant.

Superior Court of Pennsylvania.

Submitted March 7, 1988.

Filed May 5, 1988.

Melissa L. Norton, Assistant Public Defender, Sunbury, for appellant.

David D. Noon, Assistant District Attorney, Sunbury, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY and TAMILIA, JJ.

CIRILLO, President Judge:

This is an appeal from a judgment of sentence following the denial of appellant David Tharp's post-trial motions in arrest of judgment and for a new trial. He was convicted of permitting a violation of Title 75, the Motor Vehicle Code. We reverse.

At the end of their shift at 1:00 a.m. on October 26, 1985, David Tharp drove himself and a co-worker, Steven Scoviak, to a bar. Tharp's eyes were bothering him as a result of

his first day on a welding assignment and he did not want to drive any more that night. After consuming several beers, they left the bar and Scoviak drove the two men to a friend's house. Leaving the keys in the ignition, they both attended the friend's party. Scoviak continued to drink there and does not remember driving several hours later. Tharp testified that at about 3:30 a.m. he went out to his car and fell asleep on the front passenger seat, intending to stay there until morning. He testified that instead, the impact of the collision of his car with a bridge just prior to 6:00 a.m. woke him. Pennsylvania State Police investigated the single car accident and determined that Scoviak had been driving. They arrested Scoviak for driving under the influence, a violation of 75 Pa.C.S. § 3731(a)(1) of which he was later convicted. Tharp was also arrested for permitting that offense in violation of 75 Pa.C.S. § 1575(a), which reads:

> No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

On appeal Tharp claims the trial court erred in its instructions to the jury, specifically in its refusal of two proposed points for charge submitted by the defense. Tharp claims prejudice because the jury rendered a verdict without having the benefit of instructions on all of the applicable points of law. The Commonwealth argues that the evidence proved, and the jury charge included, the two requisite elements of the offense: permission by the owner for another to drive and a violation by the driver of a provision of Title 75.

In determining whether the trial judge committed an abuse of discretion or an error of law, we consider the charge as a whole in light of the evidence presented. *Papandrea v. Hartman*, 352 Pa.Super. 163, 507 A.2d 822 (1986). If an error is found to have been committed, we will reverse the trial court's decision not to grant a new trial only where such error has been clearly prejudicial to the appellant. *Lokay v. Lehigh Valley Cooperative Farmers,*

*Inc.*, 342 Pa.Super. 89, 492 A.2d 405 (1985); *Mickey v. Ayers*, 336 Pa.Super. 512, 485 A.2d 1199 (1984). Refusal of a requested point for charge is proper where it does not represent an applicable, accurate statement of the law. *Crotty v. Reading Industries, Inc.*, 237 Pa.Super. 1, 345 A.2d 259 (1975). Even where a requested instruction is relevant, a trial court need not include it if the charge already covers the point. *Werner v. Quality Service Oil Co.*, 337 Pa.Super. 264, 486 A.2d 1009 (1984). We turn now to an examination of the requested points to determine whether the trial court was correct in refusing them.

> Tharp proposed the following point for charge:

> Lack of permission is a complete defense to this crime. If the District Attorney did not prove beyond a reasonable doubt that Dave Tharp gave his permission to Steven Scoviak to drive the car Under the Influence of Alcohol at 5:45 a.m., your verdict must be not guilty.

The trial court refused this proposed instruction on the basis that its rendition of section 1575(a) and its explanation of the Commonwealth's burden of proof adequately covered this point. In his charge to the jury, the judge, after a standard explanation of reasonable doubt, instructed the jury as follows:

> In this case, the defendant has been charged with permitting a violation of the motor vehicle code. In order to be found guilty of this offense, the Commonwealth must prove beyond a reasonable doubt that the defendant permitted or authorized a vehicle owned by him or under his control to be driven in violation of the vehicle code, in this case allowing Steven Scoviak to drive a vehicle owned by or under the control of the defendant while Steven Scoviak was under the influence of alcohol. If the Commonwealth has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of the offense. If the Commonwealth has failed to establish each of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

A comparison of this proposed instruction and the actual charge reveals that two points were not included in the charge: that lack of permission is a complete defense, and that the permission necessary for conviction was specific to when Steven Scoviak last operated Tharp's vehicle just prior to the accident. Tharp argues in essence that, while he may have asked Scoviak to drive to the party, that authorization ended when they arrived there. He maintains that he gave no further permission for Scoviak to drive. He testified that, because he had been asleep for over two hours prior to the accident, he knew neither that Scoviak was driving nor his condition at that time. Tharp concedes that the Commonwealth proved that he had earlier given Scoviak permission to drive, but argues that such permission was given three hours before the violation occurred, had been extinguished after the uneventful drive to the party and had not been renewed at the time of the accident. He argues that this was not sufficient to prove a violation of the statute's prohibition against permitting his vehicle to be driven in a manner violative of the Motor Vehicle Code.

■ The Commonwealth's position, implicitly endorsed by the trial court, is that by establishing Tharp's original authorization for Scoviak to drive, its burden on this element was satisfied. This implies that the Commonwealth views this original authorization as continuing. It seems clear that, based on the record, Tharp's original authorization can be inferred to have continued. The keys were left in the ignition. Tharp himself stated to the police investigating the accident and testified at trial that he had asked Scoviak to drive because his eyes were bothering him and he did not want to drive any more that night. Tharp went to sleep on the passenger side of the front seat, leaving the driver's side free. Further, it would be reasonable to assume that, even if Tharp had decided to sleep in the car, Scoviak would expect to go home at some point and Tharp's car had been his means of transport all evening. However, section 1575(a) requires the giving of authorization for one's car *to be driven in a manner violative of the Motor*

*Vehicle Code.* The permissible inference of continuing authorization cannot, without more, encompass Scoviak's later operation of the vehicle under the influence of alcohol. If the Commonwealth need only establish the giving of permission at a single point no matter how many separate occasions of driving later occur and regardless of the owner's knowledge of them, a potential for prosecutorial abuse exists. This raises an interesting question: does lack of knowledge of later vehicle use by a previously authorized driver suffice to terminate permission once given?

This leads us to an examination of Tharp's other proposed point for charge which reads:

> Lack of knowledge is a complete defense to this crime. If the district attorney did not prove beyond a reasonable doubt that Dave Tharp knew that Steven Scoviak was driving under the influence your verdict must be not guilty.

This calls into question the interpretation of the statute. As alluded to by the trial judge, 75 Pa.C.S. § 1575(a) does not specifically mention knowledge. The trial judge refused the requested point and held that "the statute does not require knowledge on the part of the owner of the vehicle." There was no reference to knowledge in the charge.

A common-sense reading of section 1575(a) leads to the inescapable conclusion that *some* level of knowledge is necessary. To whom does its prohibition apply? The owner of a vehicle, or the person under whose control the vehicle is. What must such a person not do? Authorize or permit. Authorize or permit whom? Another. To do what? To drive the owner's vehicle. To drive how? In violation of the Motor Vehicle Code. The giving of authorization or permission must either be an affirmative act or a knowing accession. It is clear, then, that, at the minimum, the owner must know he is authorizing or permitting and that this authorization or permission is specific to another's operation of his vehicle. The question becomes whether

any further knowledge on the owner's part is necessary for culpability under section 1575(a).

Tharp argues that, absent proof beyond a reasonable doubt that an owner knew that the driver would operate his car illegally—in this case that Scoviak was under the influence—the Commonwealth could not convict him of the charged offense. He argues that such lack of knowledge is a complete defense to the charge and that he was entitled to a jury instruction to that effect.

It is not per se illegal for a vehicle owner to allow someone else to drive his vehicle. Therefore, if the giving of such permission is to be a culpable act, it must have some relation to the conduct authorized. There must be some nexus between the giving of permission by the owner and the later violation of the Motor Vehicle Code by the driver. To interpret this statute to encompass all later acts of an authorized driver, regardless of the ability of the vehicle owner to know or to foresee such actions, would be contrary to the mandate contained in the Statutory Construction Act.

Section 1922. In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

1 Pa.C.S. § 1922(1). Consider this example. I loan my car to my neighbor whom I know to be a responsible driver and who, at the time I hand him my keys, is as sober as the proverbial judge. I inquire as to his insurance coverage, make sure he is wearing a seat belt and caution him to drive carefully. To this point I have done nothing illegal and, perhaps, have been more careful than some to make sure my vehicle is in responsible hands. While driving my car, he throws a gum wrapper out of the window, a violation of 75 Pa.C.S. § 3709 for which he is later convicted. According to the Commonwealth's view, because I had given him permission to drive my car and because he was later convicted of a violation of the Motor Vehicle Code, I am subject

to prosecution under section 1575(a). If this trial court's ruling is correct, it will be to no avail to protest that I had no way of knowing my neighbor would commit such an offense when I gave him permission to drive my car.

Because we believe the intent of the statute is to sanction those owners who knowingly allow their vehicles to be driven illegally, we must conclude that, just as this Commonwealth recognizes a presumption that all persons obey the law, *Horan v. Weiler & Ellis,* 41 Pa. 470 (1862), a vehicle owner giving permission for another to drive his vehicle is entitled to presume that that driver will obey the law. By extension, then, the owner enjoys a presumption that his giving of permission is lawful and the Commonwealth must prove beyond a reasonable doubt that this was not so. Only when the owner, at the time he gives permission, or, if present during the permitted operation of his vehicle by another, knows or has reason to know or suspect that the driver will not obey the law is this presumption rebutted. The measure of an owner's culpability under section 1575(a) is the conduct he authorized; permission is related to the time it was given and cannot be all-encompassing. To construe this section otherwise is clearly beyond the reach and intent of the statute.

As is fitting and proper, the owner is presumed to be innocent of allowing his vehicle to be driven in violation of the Motor Vehicle Code until proven guilty. It follows that such an owner must have some knowledge of the manner in which his vehicle will be driven to be guilty of allowing its use in violation of Title 75. Similarly, if permission once given is revoked or extinguished, or the scope of the permission is exceeded by the driver, the owner may not be held responsible for that driver's later acts. To tie previously given lawful permission to an unknowable or unforeseeable after-the-fact occurrence is too tenuous a relation to satisfy the Commonwealth's burden of proof under section 1575(a).

For these reasons, Tharp was entitled to the instructions he requested and was prejudiced by their omission.

294

The charge given in this case did not adequately cover the permission aspect and did not address the knowledge factor at all. This constituted prejudicial error. Whether the jury would choose to believe that Tharp did not know or should not have known Scoviak's condition just prior to 6:00 a.m., or that Scoviak would drive or was driving then, was properly within its province. However, the jury should have been instructed that if it had a reasonable doubt as to Tharp's knowledge *at that time* or Scoviak's authorization *at that time*, Tharp was entitled to a verdict of not guilty.

We hereby reverse the trial court's denial of Tharp's motion in arrest of judgment and for a new trial, and remand the matter for a new trial. Jurisdiction is relinquished.