686 A.2d 1292

**Denise L. SHOMO, Appellant,**

v.

**Joseph John SCRIBE and Centre Carriers Corp., Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 19, 1996.

Decided Dec. 26, 1996.

R. Denning Gearhart, Clearfield, for Denise Shomo.

Kenneth S. Mroz, Pittsburgh, for Centre Carrier Corporation.

Joseph J. Scribe, Pro Se.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION OF THE COURT

CAPPY, Justice.

The question presented in this appeal is whether Appellee/vehicle owner violated section 1574(a) of the Vehicle Code, 75 Pa.C.S. § 1574(a), and, thus, may be held jointly and severally liable, pursuant to section 1574(b),[1] for damages in the Appellant's negligence action.[2] For the reasons which follow, we reverse the order of the Superior Court, which concluded that the vehicle owner had not violated section 1574(a) and granted summary judgment in its favor.

Appellant, Denise L. Shomo (Shomo), commenced a negligence action against Centre Carriers Corp., Inc. (Centre) and Joseph John Scribe (Scribe), alleging in her complaint that on September 20, 1992, she was struck and injured by a van owned by Centre and negligently operated by Scribe, whose Pennsylvania Operator's License was under suspension. Appellant further alleged in her complaint that at the time Centre entrusted Scribe with its vehicle, Centre knew, or should have known, he was unfit to operate it because his Operator's License was suspended.

After responsive pleadings were filed and discovery was taken, Centre filed a motion for summary judgment, asserting

1. Act of June 17, 1976, P.L. 162, 75 Pa.C.S. § 101 *et seq.*

2. Section 1574 provides:

   **(a) General Rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven.
   **(b) Penalty.**—Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.
   75 Pa.C.S. § 1574.

that under Pennsylvania law, Centre could not be held liable for any negligent conduct on the part of Scribe in operating its van. Addressing whether Centre had violated section 1574(a), the trial court found that Centre had authorized or permitted Scribe to operate its van for work purposes; however, Scribe, with knowledge that Centre did not condone personal use of its company van by its employees, was using the vehicle to travel to and from a bar when the accident occurred. The trial court then concluded that there was nothing before the court which would show that Centre had "authorized" Scribe's use of its vehicle at the time of the accident, and, therefore, nothing which would show that Centre violated section 1574(a). The trial court therefore granted Centre's motion for summary judgment.

Reconsideration of the trial court's order granting summary judgment was denied, and this order was thereafter amended to provide for an immediate appeal pursuant to Pa.R.A.P. 341(c).[3]

Upon an appeal by Shomo, the Superior Court stated that although Scribe's Pennsylvania Operator's License had been suspended since 1984, it is unclear from the record as to whether Centre knew of this fact. However, the Superior Court relied on *Commonwealth v. Tharp*, 373 Pa.Super. 285, 541 A.2d 14 (1988), and *Gibson v. Bruner*, 406 Pa. 315, 178 A.2d 145 (1961), to conclude that Centre had limited the scope of Scribe's authorization or permission to drive its van to Centre's business purposes, and, since Scribe's accident had occurred when he was exceeding the scope of his permission, Centre had not "authorized" or "permitted" Scribe to drive its van for purposes of section 1574(a). The Superior Court therefore agreed with the trial court that Centre had not committed a violation of section 1574(a), and affirmed summary judgment in Centre's favor.

We granted allowance of appeal in order to consider whether Appellee Centre violated section 1574(a), and, thus, whether

3. A default judgment, in the amount of unliquidated damages, in favor of Shomo was entered against Scribe on the negligence count brought against him individually.

summary judgment on the issue of Centre's joint and several liability to Shomo pursuant to section 1574(b), was appropriately granted.

In reviewing a grant of summary judgment, we must determine whether there was an error of law or a clear or manifest abuse of discretion. *Panichelli v. Liberty Mutual Insurance Group,* 543 Pa. 114, 669 A.2d 930 (1996). Summary judgment may be granted only in a case which is clear and free of doubt. *Lened Homes v. Department. of Licenses and Inspections,* 386 Pa. 50, 123 A.2d 406 (1956).

In ascertaining the meaning of the language within section 1574, our goal is to effectuate the intent of the legislature. *Frontini v. Commonwealth, Department of Transportation,* 527 Pa. 448, 593 A.2d 410 (1991); 1 Pa.C.S. § 1921(a). We must interpret section 1574 to give effect to all of its provisions, if possible. *Commonwealth v. Lobiondo,* 501 Pa. 599, 462 A.2d 662 (1983).

The express language of section 1574(b) makes one who commits a violation of subsection (a) jointly and severally liable with the driver for any damages caused by the negligence of the driver in operating the vehicle. Therefore, in determining whether, pursuant to section 1574(b), Centre may be held jointly and severally liable with Scribe for damages to Shomo caused by alleged negligence on Scribe's part in driving Centre's van, the first inquiry is whether Centre committed a violation of section 1574(a).

The act which section 1574(a) makes unlawful is the vehicle owner or controller authorizing or permitting a person who is unauthorized by law, or is unlicensed, to drive the vehicle on the highway. Section 1574(b) makes an owner or controller who violates section 1574(a) guilty of a summary offense, but does not expressly provide a culpability standard for the summary offense set forth therein. Section 1574(b) further provides that one who commits this summary offense "shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle."

Regarding summary offenses, section 305(a)(1) of the Crimes Code, 18 Pa.C.S. § 305(a)(1), provides:

**(a) When culpability requirements are inapplicable to summary offenses and to offenses defined by other statutes.**—The requirements of culpability prescribed by section 301 of this title (relating to requirement of voluntary act) and section 302 of this title (relating to general requirements of culpability) do not apply to:

> (a) summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense[.]

18 Pa.C.S. § 305(a)(1).[4]

In applying this concept to section 1574(a), we conclude that for effective enforcement of the summary offense provision of section 1574(a), it must be shown that the owner or controller knew, or had reason to know, at the time he entrusted his vehicle to another, that the driver he was authorizing or permitting to drive his vehicle was unlicensed. *See Burkholder v. Genway Corp.,* 432 Pa.Super. 36, 637 A.2d 650 (1994), *allocatur denied,* 540 Pa. 611, 656 A.2d 117 (1995). *See also Gade v. Csomos,* 8 F.3d 137 (3d Cir.1993). Thus, Centre committed a violation of section 1574(a) if, when Centre gave Scribe authority or permission to drive its vehicle on the highway, Centre knew, or had reason to know, that Scribe was an unlicensed driver.

We reject Centre's argument that its section 1574 civil liability is severed or limited by the caselaw set forth in *Tharp, supra,* and *Gibson, supra.*

Section 1574 was not addressed in *Tharp;* rather, at issue in *Tharp* was section 1575 of the Vehicle Code, 18 Pa.C.S. § 1575, as enacted.[5] Section 1575, as enacted, made it unlaw-

---

4. *See* sections 301 and 302 of the Crimes Code, 18 Pa.C.S. §§ 301–302.

5. The legislature enacted both sections 1574 and 1575 as part of the amendments to the Vehicle Code in 1976. *See* Historical and Statutory Notes to sections 1574 and 1575. Section 1575, as enacted, provided:

ful for an owner or controller of a vehicle to authorize or permit his vehicle to be driven in violation of any of the provisions of the Vehicle Code. For an owner or controller found to have violated section 1575, the penalty was that the owner or controller was guilty of the same offense as the driver of the vehicle, and subject to the same penalties. Unlike section 1574, section 1575 did not make the statute's violation a summary offense, nor did it include a civil liability provision.

The appellant in *Tharp*, David Tharp, was arrested and convicted, pursuant to section 1575, of authorizing or permitting the driver to commit the offense of driving while under the influence of alcohol, 75 Pa.C.S. § 3731(a)(1). Tharp argued that the jury should have been instructed as to lack of permission and lack of knowledge on his part being complete defenses to the crime with which he was charged.

The Superior Court in *Tharp* stressed that the act which section 1575 made unlawful was the giving of authorization of one's car to be driven in a manner violative of the Vehicle Code. The *Tharp* court was concerned that, in order for Tharp to be guilty of allowing his car to be driven by an intoxicated driver, and for the criminal penalty provision of section 1575 to be imposed, there must be proof beyond a reasonable doubt that, at the time he gave the driver permission to drive the vehicle, he knew of the manner in which his car would be driven in violation of the Vehicle Code. The *Tharp* court reasoned that a vehicle owner should not be held criminally responsible under section 1575 for acts of the driver where permission to operate the vehicle was lawfully given.

(a) **General Rule.**—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

(b) **Penalty.**—Any person violating the provisions of subsection (a) is guilty of the same offense as the driver of such vehicle and subject to the same penalties including any suspension or revocation of the operating privilege or the assessment of points.....

See the Historical and Statutory Notes to section 1575, 18 Pa.C.S. § 1575. We note that subsequent to *Tharp*, in 1990 the legislature amended section 1575.

It was within this context that the *Tharp* court stated that an owner or controller should not be held criminally responsible where the driver exceeded the scope of the permission given by the owner. The Superior Court reasoned that, to hold an owner criminally responsible under section 1575 for the driver's acts, if the driver exceeded the scope of the owner's permission, would be to tie previously given lawful permission to an unknowable or unforeseeable after-the-fact occurrence. *Tharp, supra* at 293, 541 A.2d at 18. The Superior Court in *Tharp* ruled that the jury should have been instructed that, if they had reasonable doubt as to whether Tharp knew or should have known of the driver's intoxicated condition, or as to whether Tharp had authorized or permitted the driver to operate the car, Tharp was entitled to a verdict of not guilty.

The concern in *Tharp* regarding the owner's inability to know of or foresee a violation of section 1575, where permission is lawfully given to operate the vehicle in a lawful manner, is not equally applicable to a section 1574 violation. As we have explained, a violation of section 1574(a) occurs at the point in time that the owner (or controller) gives authority or permission to the unauthorized or unlicensed driver to drive the vehicle on the highway. By extending the basis for the *Tharp* decision into the civil liability statute at issue here, the Superior Court shifted the focus of the inquiry under section 1574 (i.e., the owner's knowledge of the driver's status as an unlicensed or unauthorized driver, at the time permission is granted) to the inquiry used for section 1575 (the owner's knowledge, at the time permission is granted, of the manner in which his vehicle is to be driven in violation of law). We thus hold that the Superior Court misapplied *Tharp* in concluding that there can be no civil liability imposed on an owner pursuant to section 1574 if the driver's conduct exceeded the permission granted by the owner for the vehicle's use.

Moreover, we disagree with the Superior Court's extension of the decision in *Gibson, supra*, to limit the scope of Centre's section 1574 civil liability.

The issue in *Gibson* was whether or not vicarious liability should be imposed on the owner or controller of a vehicle for the negligent conduct of the vehicle's driver pursuant to common law.[6] In *Gibson*, the appellant allegedly was injured, and her husband killed, by a vehicle, owned by the appellee's employer and controlled by the appellee, while operated by his adult son, who had been instructed to take the vehicle to the appellee's home. This court concluded in *Gibson* that, at the time of the accident, the son had substantially deviated from his father's authority and permission, and was on a mission of his own. The *Gibson* court refused to hold the vehicle controller vicariously liable for his son's negligent driving unless, at the time he gave his son permission to operate the truck, he knew or should have known that his son was unfit to operate the vehicle by reason of intoxication, or that by reason of such condition, he would or might disregard his father's instruction to take the vehicle home.

As we have explained, a violation of section 1574(a), and, thus, the imposition of civil liability pursuant to section 1574(b), does not turn on whether the vehicle's owner or controller could have foreseen that the driver would disregard his instructions regarding use of the vehicle. A violation of section 1574(a) occurs at the time the owner or controller entrusts his vehicle to one he knows, or has reason to know, is unauthorized, or unlicensed, to drive the vehicle on the highway. *Gibson*, therefore, does not circumscribe an owner's section 1574 liability. The Superior Court's extension of *Gibson* to the instant case was an error of law.

Accordingly, we hold that the Superior Court committed an error of law in ruling that Centre had not violated section 1574(a) and, thus, that joint and several liability pursuant to section 1574(b) could not be imposed on Centre.

**6.** Under common law, negligence against the vehicle's owner will not lie where the owner's servant or agent, at the time of the accident, had clearly departed from the scope of his employment and was engaged on a mission of his own. *See Gittelman v. Hoover Co.*, 337 Pa. 242, 10 A.2d 411 (1940); *Solomon v. Commonwealth Trust Co.*, 256 Pa. 55, 100 A. 534 (1917).

■  We are unable, however, to conclude that Centre violated section 1574(a), since the parties dispute whether Centre knew or had reason to know that Scribe was unlicensed to operate a vehicle at the time Centre authorized him to drive its van on the highway, and Centre's knowledge of the fact that Scribe was unlicensed is unclear from the record.  With this factual issue in dispute and the record not clearly establishing that Centre knew or had reason to know that Scribe was unlicensed, grant of summary judgment in favor of Centre was an abuse of discretion.  A determination on this factual issue must be made upon remand.

We therefore reverse the order of the Superior Court granting summary judgment in favor of Centre, and remand the matter to the Common Pleas Court of Clearfield County for further proceedings in accordance with this opinion.

Jurisdiction is relinquished.