J-A24001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE BANK OF NEW YORK, FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2007-ITI, MORTGAGE-PASS-THROUGH CERTIFICATES, SERIES 2007-ITI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES R. DAVIS, JR. SHEILA DAVIS | |
| Appellants | No. 2073 EDA 2015 |

Appeal from the Order Entered June 23, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 09791 May Term 2014

BEFORE: BOWES, OTT AND SOLANO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 15, 2016**

James R. Davis, Jr. and Sheila Davis (collectively the "Davises") appeal from June 23, 2015 order granting summary judgment in favor of The Bank of New York, f/k/a the Bank of New York as Trustee for the Certificate Holder of CWALT, Inc. Alternative Loan Trust 2007-1T1, Mortgage-Pass-Through Certificates, Series 2007-1T1 ("BNY"). We affirm.

We summarize the facts as presented by the trial court. *See* Trial Court Opinion, 12/7/15, at 2-3. The Davises executed a mortgage, which was recorded, securing the real property located at 1503 Grasshopper Road, Huntingdon Valley, Pennsylvania. This mortgage secured a promissory note

the Davises provided to Countrywide Home Loans, Inc. ("Countrywide") in consideration of a loan to them in the amount of $420,880.72, with payments to commence on March 1, 2007. On April 1, 2013, the Davises defaulted on the note and mortgage by failing to make their monthly payment. As a result, Countrywide provided them with the requisite notice of default, Act 91 notice, and notice of its intention to foreclose.

On June 21, 2013, the mortgage was assigned to BNY. That assignment was properly recorded, and, on May 2, 2014, BNY commenced the underlying mortgage foreclosure action by the filing of a complaint in mortgage foreclosure. The Davises filed an answer to BNY's complaint, attaching duly-signed copies of the mortgage and the note. Subsequently, BNY filed a motion for summary judgment, which the court granted in its favor. The Davises filed a timely appeal and complied with the court's directive to file a Rule 1925(b) statement of errors complained of on appeal, and the court issued its Rule 1925(a) opinion.

The Davises raise one issue for our consideration: "Did the trial court commit an error of law in granting foreclosing lender's motion for summary judgment when Appellee lacked 'authority' by not holding nor possessing a prejudgment negotiated transfer of note through the chain of loan title?" Appellant's brief at 8.

Our scope and standard of review of a trial court's order granting summary judgment is as follows.

- 2 -

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court . . . [a]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Where our analysis involves solely questions of law, our review is *de novo*.

Thus, our responsibility as an appellate court is to determine whether the record either established that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact finder.

**Gerber v. Piergrossi**, 2016 WL 3414993 (Pa.Super. 2016) at *3 (citation omitted).

The Davises contend that BNY lacks standing to foreclose on the mortgage since it did not produce a properly endorsed or transferred note. They assert further that, without proof that BNY is in possession of the note, it lacks authority to foreclose. Thus, the Davises maintain, there exists a genuine issue of material fact until BNY provides evidence that it holds their note, and summary judgment is inappropriate.

The Honorable Thomas C. Branca authored a thorough and well-reasoned opinion rejecting the Davises' challenge to BNY's standing to foreclose. After reviewing the certified record and the parties' briefs, we affirm on the basis of the trial court's opinion. **See** Trial Court Opinion, 12/7/15, at 7-10 (concluding BNY adequately demonstrated its status as real

party in interest by attaching copies of the note, endorsed in blank, to its complaint, and by attaching an affidavit to its motion for summary judgment, to the effect that it was in possession of the original note; the trial court observed the Davises did not offer evidence to contradict BNY's averments and did not seek discovery, but rather, attached a copy of the same note to its answer to BNY's complaint, thereby conceding that the holder of the note was entitled to enforcement).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2016

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

THE BANK OF NEW YORK MELLON :    NO. 14-09791
FKA THE BANK OF NEW YORK AS :    2073 EDA 2015
TRUSTEE FOR THE :
CERTIFICATEHOLDERS OF CWALT, :
INC. ALTERNTATIVE LOAN TRUST :
2007-1T1, MORTGAGE-PASS-THROUGH:
CERTIFICATES, SERIES 2007-1T1 :
                 Plaintiff :



             v. :
                                   2014-09791-0036   12/7/2015 3:19 PM   # 10586763
                                           Opinion
JAMES R. DAVIS, JR. AND SHEILA DAVIS:     Rcpt=72593466   Fee:$0.00
                Defendants :              Mark Levy - MontCo Prothonotary

## OPINION

Branca, J.                                                  December 7, 2015

### I.    INTRODUCTION

James R. Davis, Jr. and Sheila Davis (collectively, "Defendants") appeal pro se[1]

from this Court's Order, dated June 23, 2015, granting Plaintiff, Bank of New York

Mellon f/k/a Bank of New York's ("BNY")[2] Motion for Summary Judgment and

entering judgment, *in rem*, in favor of BNY and against Defendants in the amount of

$428,836.43, plus interest at the per diem rate of $61.33 until judgment is paid in full plus

any additional recoverable costs and charges collectible under the subject Mortgage. For

the reasons that follow, Defendants' appeal is without merit and the Court's Order, dated

June 23, 2015, should be AFFIRMED.

---

[1] While the Court is cognizant of Defendants' pro se status on appeal, Defendants are bound and obligated
to comply with the relevant rules of procedural and substantive law. *See Jones v. Rudenstein*, 585 A.2d
520, 522 (Pa. Super. Ct. 1991) (Citing *Farretta v. California*, 422 U.S. 806, 834 n. 46 (1975)). Of note,
however, is Defendants' recent retention of David Michelson, Esquire, as counsel who filed his entry of
appearance on October 28, 2015.
[2] While the docket designates Plaintiff as "Bank of New York Mellon" formerly known as "Bank of New
York," Plaintiff's complete designation in their pleading and assignment of the Mortgage is "Bank of New
York Mellon FKA Bank of New York as Trustee for the Certificateholders of CWALT, Inc. Alternative
Loan Trust 2007-1T1, Mortgage-Pass Through Certificates, Series 2007-1T1."

## II. STATEMENT OF THE CASE

The instant dispute arises from a Mortgage (the "Mortgage") securing the real property (the "Property") located at 1503 Grasshopper Road, Huntingdon Valley, Pennsylvania, executed and delivered by Defendants to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Home Loans, Inc. ("Countrywide") on January 9, 2007, and recorded on February 12, 2007.[3] The Mortgage secured Defendants' obligations under the Promissory Note (the "Note"), given to Countrywide in consideration of a loan to Defendants in the amount of $420,880.72, with interest thereon at 6.125%, payable in equal monthly installments of $2,557.32 commencing on March 1, 2007.[4] In relevant portion the Mortgage specifically provided the following:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of Montgomery."[5]

Thereafter, on April 1, 2013, Defendants defaulted on the Note and Mortgage by failing to make the previously agreed upon monthly payments. On April 12, 2013, the required Notices of Default and Intention to Foreclose were sent to Defendants at the Property via certified and regular mail.[6] On June 21, 2013, the Mortgage was assigned by MERS as nominee for Countrywide to BNY,

---

[3] [Compl. at Ex. B (the "Mortgage") (Montgomery County Record of Deeds, Instrument # 2007018944, Book 12029 at Page 00091), 5/2/14].

[4] [Compl. at Ex. A (the "Note")].

[5] [Compl. at Ex. B].

[6] [Compl. at Ex. E]; See 41 P.S. § 403.

which assignment (the "Assignment") was duly recorded in the Office of the Recorder of Deeds of Montgomery County on the same date.[7]

On May 2, 2014, BNY instituted the instant mortgage foreclosure action against Defendants. On June 16, 2014, Defendants filed an Answer to BNY's Complaint, attaching thereto the copies of the same Mortgage, and Note endorsed in blank, and bearing Defendants' notarized signatures, which BNY had attached to its Complaint.[8] On April 17, 2015, BNY filed a Motion for Summary Judgment, which Defendants answered on May 18, 2015. Defendants, however, neglected to face their Answer with the required cover sheet whereupon they could have requested the discovery they now complain they were denied.[9] The parties waived oral argument on the Motion, and the undersigned granted the Motion by Order dated June 23, 2015.

On July 7, 2015, Defendants timely filed and served upon the undersigned a Notice of Appeal, and on July 27, 2015, Defendants timely filed and served upon the undersigned their 'Concise Statement of Errors Complained Of On Appeal' (Pa. R. A. P. "1925(b) Statement") which set forth the following:

> 1. The Court committed an error of law when granting plaintiff The Bank of New York FKA The Bank of New York as Trustee for the Certificatcholders of CWALT, Inc. Alternative Loan Trust 2007-1T1, Mortgage-Pass- Through Certificates, Series 2007-1T1 (The Bank of NEW YORK FKA) motion for summary judgment because there were genuine issues of material fact regarding whether the plaintiff The Bank of New York FKA is the real party in interest.
>
> 2. The Court committed an error of law when granting plaintiff The Bank of New York FKA motion for summary judgment because there

---

[7] [Compl. at Ex. C ("Assignment") (Montgomery County Record of Deeds, Instrument #2013066318, Book 13622 at Page 00486)].

[8] [Defs.' Ans. to Compl., at Ex. A ("Note"), B ("Mortgage"), 6/16/14].

[9] *See e.g.*, Montco. Local R. 1035.2(a)(1)(b)(1), 205.2(b), 1035.2(a)(2)(c)(1) requiring motions and responses to be faced with a cover sheet, whereupon the parties may request additional discovery to be concluded within sixty (60) days from the filing of the motion.

3

were genuine issues of material fact regarding whether plaintiff is the holder of the original Note upon which judgment is sought.

3. The Court committed an error of law when granting The Bank of New York FKA motion for summary judgment because there were genuine issues of material fact regarding whether [*sic*] affidavit is sufficient for this mortgage loan given the Certificateholders of CWALT, Inc. Alternative Loan Trust 2007-1T1, Mortgage-Pass-Through Certificates, Series 2007-1T1 is a pool of loans.

4. The Court committed an error of law when granting plaintiff The Bank of New York FKA motion for summary judgment because there were genuine issues of material fact regarding plaintiffs failure to file note with the Trial Court [*sic*] least 20 days before hearing on its motion for Summary Judgment.

5. The Court committed an error of law when granting The Bank of New York FKA motion for summary judgment because there were genuine issues of material fact since affidavits are often submitted to prove default that are conclusory and insufficient.

## III. DISCUSSION

Summary judgment as a matter of law is appropriate when "there is no genuine issue of material fact as to a necessary element of the cause of action. Pa. R.C.P. 1035.2(1). The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the presence of a genuine issue of material fact must be resolved against the moving party. *Albright v. Abington Mem'l Hosp.*, 696 A.2d 1159, 1165 (Pa. 1997) (citing *Pennsylvania State University v. County of Centre*, 615 A.2d 303, 304 (Pa. 1992)). However, "[w]here the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *JP Morgan Chase Bank, N.A. v.*

4

*Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. Ct. 2013) (internal quotation omitted). More specifically, to preclude entry of judgment, respondents must identify:

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.[10]

In a mortgage foreclosure action, summary judgment is appropriate if the mortgagors "admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 340 (Pa. 1971)). Finally, when reviewing a grant of summary judgment, the appellate court may only disturb the order of the trial court when it is determined that there has been an error of law or a clear abuse of discretion. *Shomo v. Scribe*, 686 A.2d 1292, 1294 (Pa. 1996); *Panichelli v. Liberty Mutual Insurance Group*, 669 A.2d 930, 931 (Pa. 1996).

**The Court Properly Granted BNY's Motion for Summary Judgment Because Defendants Failed To Demonstrate The Requisite Genuine Issue of Material Fact.**

This Court will only address the issue of BNY's standing as a real party interest (Defendants' issues 1, 2 and 4, which collectively challenge BNY's standing as the real party in interest based on the assertion that BNY does not possess the original Note,) as Defendants' remaining issues are incomprehensible and, are, therefore, waived.[11]

---

[10] Pa. R.C.P. 1035.3.

[11] Defendants' third and fifth contentions of error are waived for vagueness. *See* Pa. R.A.P. 1925(b)(iv). Moreover, to the extent Defendants' fifth issue appears to challenge BNY's claim of default, such claim is unavailing, as discussed *infra* at pages 6-7.

5

As set forth above, to preclude entry of judgment a respondent may not rest upon mere general denials, but must identify an issue of fact arising from the evidence. Pa. R.C.P. 1035.3. Defendants' Answer to BNY's Motion for Summary Judgment, which baldly asserts that BNY is not the real party in interest because it has not proven that it holds both the Note and Mortgage is insufficient to create a genuine issue of material fact, and the Court's entry of judgment *in rem*[12] was wholly appropriate.

A. To The Extent Defendants Challenge Their Default Such Claims Are Unavailing.

By way of admissions or general denials, Defendants ultimately admitted their status as mortgagors of their Property;[13] their execution of the Note, endorsed in blank, as attached to BNY's Complaint and Defendants' Answer; their promise to re-pay the sum of $420,880.72;[14] their execution of the Mortgage upon their Property to secure payment of $420,880.72 together with all amounts that come due;[15] their failure to pay the Note and Mortgage when and as due;[16] a description of their Property; [17] and that the required Act 91 Notices were sent to them.[18] Having, therefore, admitted the default and the amount due, entry of judgment against Defendants was appropriate. *See Cunningham v. McWilliams*, 714 A.2d at 1057 (internal citation omitted); *see also First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. Ct. 1995) (Holding that general denials by mortgagees that they are without information sufficient to form a belief as to the truth

---

[12] It is well-settled that an action in mortgage foreclosure is strictly an *in rem* proceeding to affect a judicial sale of the mortgaged real estate. *See First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 693 n. 4 (Pa. Super. Ct. 1995).

[13] [Defs.' Ans. to Compl., at ¶ 2].

[14] [Defs.' Ans. to Compl., at ¶ 3].

[15] [Defs.' Ans. to Compl., at ¶ 4].

[16] [Defs.' Ans. to Compl., at ¶¶ 3, 7].

[17] [Defs.' Ans. to Compl., at ¶ 6].

[18] [Defs.' Ans. to Compl., at ¶ 8].

of averments as to principal and interest owing must be considered an admission of those facts.).[19]

Similarly unavailing is Defendants' response to BNY's averment regarding the properly executed and recorded Assignment of Mortgage. Defendants' litany of legal conclusions on the doctrines of real party in interest and standing hardly constitute the specific response necessary to rebut BNY's well-pled averments in their Complaint and Summary Judgment Motion. Thus, while Defendants assert that BNY is not the holder of the "Note and Mortgage," there can be no doubt as to BNY's possession of the Mortgage as it properly pled in both its Complaint and Motion for Summary Judgment, its status as assignee of the recorded Mortgage, and the recordation of said Assignment. *See* Pa. R.C.P. 1147(a)(1); *see also Wells Fargo Bank, N.A. v. Luporl*, 8 A3d 919, 921-22 (Pa. Super. Ct. 2010) (By virtue of plaintiff's failure to plead all underlying assignments, plaintiff failed to establish it had authority to enforce the mortgage.) Accordingly, the issue of standing raised by Defendants is properly limited to their assertion that BNY does not possess the original Note, and the Court need not address further any assertion as to BNY's possession of the Mortgage.

B.  BNY Aptly Demonstrated Its Status As The Real Party In Interest.

Contrary to Defendants' assertion, the record reflects that BNY actually exceeded its evidentiary burden under the applicable rule of procedure by attaching to its Complaint, and Motion for Summary Judgment, copies of the Note, endorsed in blank, and Act 91 Notices.[20] In addition, BNY attached a documentary Affidavit to its Motion

---

[19] [Compl. at ¶ 9].

[20] Interestingly, Defendants also attached a copy of the Note, identical to that attached by BNY, which is endorsed in blank, thereby conceding that the holder or possessor of this Note is entitled to enforcement. *See* 13 Pa. C.S. § 3104, *et seq.*

7

for Summary Judgment attesting therein, based on the attached documents, that it is in possession of the original Note (a true and correct copy of which is attached as an exhibit) secured by the recorded Mortgage in the amount of $420,880.72, on which Defendants defaulted by virtue of their failure to make payments due on April 1, 2013, and thereafter.[21] *See Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (Summary judgment is appropriate where mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount.)

In response, Defendants failed to allege any material facts to specifically contradict these material allegations. Nor did Defendants counter BNY's Affidavit with any contrary evidence of their own. Moreover, in the year that transpired between the filing of their Answer to BNY's Complaint, and BNY's Motion for Summary Judgment, the record reflects no attempts having been made by Defendants to conduct the discovery that would have been necessary to support their claim.[22] *See First Wisconsin Trust Co.*, 653 A.2d at 695 (Respondent is required to act in timely fashion to muster evidence necessary to preclude entry of judgment.) Contrary to that which transpired in *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. Ct. 2013), the prevailing case on possession of the original note by a mortgagee, Defendants here simply failed to produce any evidence of record necessary to demonstrate that there exist the requisite

---

[21] [Pl.'s Mot. Summ. J. at ¶ 4, Ex. 3]; *See Kirby v. Kirby*, 687 A.2d 385, 388 (Pa. Super. Ct. 1997) (Documentary affidavits, if uncontradicted, may properly support the entry of summary judgment as they fall outside the ambit of the *Nanty-Glo* Rule.) (internal citation omitted).

[22] Aside from generally including a rote "strict proof is requested" response in Paragraphs 7 and 9 of their Answer to BNY's Complaint, Defendants failed to demand presentation of the Note or apparently conduct any discovery whatsoever.

8

genuine issue of material fact to preclude entry of judgment, namely that BNY is not the holder of the original Note.

In *JP Morgan Chase Bank, N.A.*, Mr. Murray appealed from the trial court's entry of judgment in favor of the bank, asserting that the bank lacked standing based on defects in the chain of mortgage assignment and its alleged failure to demonstrate that it possessed the original note endorsed in blank. In addressing Mr. Murray's first claim, the Superior Court held that his challenge to standing based on the bank's alleged defective chain of possession of the note was immaterial to the bank's right to enforce the note because the note was a negotiable instrument under the Pennsylvania Uniform Commercial Code, 13 Pa. C.S. § 1101, *et seq.* (the "PUCC"). Thus, the note was enforceable by a possessor even if not "a holder" because of a defect in assignment, as under the PUCC any payments made by the debtor to the bearer of such a note discharge the debtor's obligation on the note. *JP Morgan Chase Bank, N.A.*, 63 A.3d at 1265-66 (referencing 13 Pa. C.S. §§ 3104, 3602.) In the instant case, Defendants admitted by virtue of their general denials that the Note is endorsed in blank, and thus, enforceable by a holder or possessor.

Next, with regard to Mr. Murray's claim that the bank did not possess the original note, the Court concluded that he had, indeed, demonstrated a genuine issue of material fact to preclude entry of judgment. Unlike instant Defendants, Mr. Murray sought in discovery to inspect the original documents, including the note, which inspection occurred. Additionally, in response to the banks' motion for summary judgment, Mr. Murray attached an affidavit, declaring that the note presented to him for inspection was not an original as asserted by the bank, thus presenting a material issue of fact as to

9

standing, precluding entry of judgment. Here, Defendants failed to produce any material facts whatsoever in their Response to BNY's Motion.

Further distinguishing the instant case from *JP Morgan Chase Bank, N.A.* is the fact that Defendants here never requested oral argument.[23] Notwithstanding Defendants' assertion in their 1925(b) that BNY failed "to file note with the Trial Court [*sic*] least 20 days before hearing on its motion," Defendants here never requested argument on BNY's Motion, let alone a hearing on the Motion, and as such no proceeding was ever even scheduled. Nor, as a matter of fact, do the applicable Rules of Procedure mandate such a filing requirement on behalf of BNY, which already attached a true and correct copy of the original Note in its possession to both its Complaint and Motion for Summary Judgment.[24] In *JP Morgan Chase Bank, N.A.*, unlike the instant case, the Court ultimately held that the parties' disagreement, supported by "competing averments by affidavit," as to whether the note produced was the original note, presented a genuine issue of material fact precluding entry of judgment. *See id* at 1267-68.

Having failed to identify one or more issues of fact arising from the evidence of record, or any evidence of record to support their alleged defense, Defendants' bald assertions in response to BNY's Motion for Summary Judgment are inadequate to preclude entry of judgment on the record before the Court

## IV. CONCLUSION

This Court respectfully requests that its Order, dated June 23, 2015, entering judgment, *in rem*, in favor of BNY, The Bank of New York Mellon FKA The Bank of

---

[23] A cursory examination of Defendants' Response reflects that Defendants, in contravention of the applicable Rules, failed to face their responsive pleading with a cover sheet wherein they could have requested argument. *See e.g.*, Montco. Local R. 1035.2(a)(1)(b)(1), 205.2(b), 1035.2(a)(2)(c)(1) requiring motions and responses to be faced with a cover sheet, whereupon the parties may request argument.
[24] [Defs' 1925(b) Statement, at ¶ 4].

10

New York as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2007-1T1, Mortgage-Pass Through Certificates, Series 2007-1T1, and against Defendants, James R. Davis, Jr., and Sheila Davis be AFFIRMED.

BY THE COURT:

THOMAS C. BRANCA,   J.

Copies of the above Opinion
mailed on   12/7./15    to:
By First Class Mail:
Bank of New York Mellon, Pro Se, 55 Beattie Pace, Ste. 110, Mail Stop 005, Greenville, SC 29601
Bank of New York, Pro Se, 55 Beattie Pace, Ste. 110, Mail Stop 005, Greenville, SC 29601
James R. Davis, Jr., Pro Se 1503 Grasshopper Road, Huntingdon Valley, PA. 19006
Sheila Davis, Pro Se, 1503 Grasshopper Road, Huntingdon Valley, PA. 19006
David Michelson, Esquire
By Interoffice Mail:
Court Administration

Secretary

11