J-A26029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHOWRI PALEPU, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD BONDI, M.D. | : | No. 458 WDA 2016 |

Appeal from the Order March 2, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): No. GD-14-001811

BEFORE:  BENDER, P.J.E., RANSOM,J. and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                **FILED DECEMBER 13, 2016**

Showri Palepu, M.D. (Appellant) appeals from the order entered on March 2, 2016, which granted Appellee's motion for summary judgment.  We affirm.

In 2012, Barbara Moore, R.N. was a staff nurse at UPMC McKeesport as she had been for approximately thirty-five years.  Moore Dep., 6/29/15, 10:7-17.  Toward the end of 2012, an incident occurred in the operating room between Ms. Moore and Appellant, surgeon.  *Id.* at 11:2-14. According to Ms. Moore, Appellant made a disparaging remark about her age.  *Id.*  Following the operation, Ms. Moore informed another nurse that Appellant upset her; Ms. Moore further discussed the incident with her supervisor, Gina Ruggieri.  *Id.* at 30:17-21.  Richard Bondi, M.D. (Appellee), through his role as Chairman of the Department of Surgery at UPMC

McKeesport, learned of the incident between Appellant and Ms. Moore. Bondi Dep., 3/20/15, 27:1-12. Appellee spoke to Ms. Ruggieri who confirmed that Ms. Moore had reported the incident. *Id.* at 30:11-16. In February of 2013, Appellee attended a peer review committee meeting at which he relayed to the committee the incident as reported to him. *Id.* at 37:12-17, 45:18-22.

In April 2014, Appellant filed a complaint alleging that the statement made by Appellee to the peer review committee placed Appellant in a false light and constituted defamation and injurious falsehood. Following preliminary objections, Appellant filed an amended complaint. The court permitted Appellant to file a second amended complaint to which Appellee filed another set of preliminary objections. The trial court granted the preliminary objections in part, permitting Appellant to proceed on two claims, defamation and injurious falsehood.

Following discovery, in August 2015, Appellee filed a motion for summary judgment. In response to Appellee's motion for summary judgment, Appellant conceded that:

(1)   Nurse Moore believed Appellant made a disparaging remark about her age; and

(2)   Ms. Ruggieri confirmed the reported incident to Appellee.

Resp., 12/9/15, ¶¶ 37, 43, 73.

The trial court issued a Memorandum granting Appellee's motion for summary judgment. In March 2016, Appellant filed a motion for

reconsideration, which was denied by the court. Appellant timely filed a notice of appeal and raised the following issue:[1]

> Whether the trial court erred in granting summary judgment where the plaintiff submitted evidence of facts which in a jury trial would require issues to be submitted to a jury.

Appellant's Brief at 4.[2]

Appellant contends the trial court erred in granting Appellee summary judgment. In reviewing a grant of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or a clear abuse of discretion. **Albright v. Abington Memorial Hosp.**, 696 A.2d 1159, 1165 (Pa. 1997) (citing **Shomo v. Scribe**, 686 A.2d 1292, 1294 (Pa. 1996)).

> The moving party has the burden of proving the nonexistence of any genuine issues of material fact. The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

**Kleban v. Nat'l Union Fire Ins. Co. of Pittsburgh**, 771 A.2d 39, 42 (Pa. Super. 2001).

---

[1] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[2] Appellant's statement of the question presented is vague. Nevertheless, Appellant's brief provides detail sufficient to enable meaningful appellate review. **See, e.g.**, **Commonwealth v. Wheaton**, 598 A.2d 1017, 1018 n.1 (Pa. Super. 1991).

However,

> the rule explicitly states that a non-moving party may not avoid summary judgment by "rest[ing] upon the mere allegations or denials of his pleading…" **See** Pa. R.C.P. No. 1035(d).

**Ertel v. Patriot-News Co.**, 674 A.2d 1038, 1042 (Pa. 1996). The scope of review of a trial court's order disposing of a motion for summary judgment is plenary. **Albright**, 696 A.2d at 1165.

Essentially, Appellant rejects Appellee's assertion of privilege under the Peer Review Protection Act.[3] **See** Appellant's Brief at 21-22; 63 P.S. § 425.3. According to Appellant, Appellee's statement to the peer review committee was knowingly false. **See** Appellant's Brief at 14. In finding otherwise, Appellant asserts, the trial court usurped the role of the fact finder by making credibility determinations not properly resolved at summary judgment. **See id.** at 24. Thus, according to Appellant, summary judgment was not properly granted. **See id.** at 28.

The Peer Review Protection Act provides, in pertinent part:

    (a)    Notwithstanding any other provision of law, no person providing information to any review organization shall be held, by reason of having provided such information, to

---

[3] Appellant also rejects Appellee's assertion of privilege under common law. **See** Appellant's Brief at 22; **see also, e.g.**, **Miketic v. Baron**, 675 A.2d 324, 330 (Pa. Super. 1996) (recognizing that "[a] publication is conditionally privileged if the publisher reasonably believes that the recipient shares a common interest in the subject matter and is entitled to know"). In light of our disposition, we need not reach Appellee's common law defense.

- 4 -

> have violated any criminal law, or to be civilly liable under any law, unless:
>
> …
>
> (2)    such information is false and the person providing such information knew, or had reason to believe, that such information was false.

63. P.S. § 425.3(a).   Thus, Appellee is immune from liability unless he deliberately provided the committee with false information.  ***Cooper v. Del. Valley Med. Ctr.***, 630 A.2d 1, 8 (Pa. Super. 1993); ***see also***, 63. P.S. § 425.3(a)(2).

From Nurse Moore's deposition testimony, it is clear that an age-related incident occurred between her and Appellant.  ***See*** Moore Dep., at 30:17-19, 34:8-9.   Nurse Moore's interpretation of the statements was reported up the chain to Appellee, who relied on that information when he spoke to the peer review committee.  Appellee had no reason to know or believe the information was false.  Even if Appellant's assertion that Nurse Moore misunderstood the comments is correct, Appellee is still protected by the Peer Review Protection Act.   Moreover, we note that Appellant has conceded that he does not know whether Appellee falsified his statements before the peer review committee.  ***See*** Resp. at ¶ 82; Palepu Dep., 3/915, 152:18-23.

Appellant submitted no evidence to support a finding that Appellee knew or should have known that the information provided to the peer review committee was not true.  To the contrary, Appellant conceded facts essential

to Appellee's assertion of privilege. It is undisputed that: (1) Appellee did not concoct the age related incident between Ms. Moore and Appellant; (2) Appellee was not offering his own account of the incident; and (3) he was merely relaying the information reported to him in his capacity as Chairman of the Department of Surgery. Resp., at ¶¶ 37, 43, 73.

Appellant conceded material facts in his response to Appellee's motion and submitted no evidence that an issue of material fact exists. Therefore, Appellant failed to meet his burden in response to the motion for summary judgment. *Ertel*, 674 A.2d at 1042. Thus, the trial court acted correctly in granting summary judgment in favor of Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/13/2016